WILLIE BEAVER V. THE STATE.

No. 22979. Delivered December 13, 1944.
Rehearing Denied February 14, 1945.

The opinion states the case.

*Coleman Cline* and *Walter B. Scott,* both of Fort Worth, for appellant.

*Marvin H. Brown, Jr.,* Cr. Dist. Atty., and *M. Hendricks Brown,* Asst. Cr. Dist. Atty., both of Fort Worth, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of ten years.

Appellant brings forward quite a number of complaints. His first contention is that the evidence is insufficient to justfy and sustain his conviction and that the trial court erred in declining to submit to the jury his special requested instruction to return a verdict of not guilty.

There were two theories presented by the evidence. That of the State was that appellant intentionally fired the shot which killed his wife, while that of appellant was that the pistol was accidentally discharged during the scuffle between him and the deceased over the possesison thereof. The State relied upon circumstantial evidence, together with appellant's confession, to establish a willful and deliberate killing. The State's evidence shows that appellant and his wife had some disagreement while they were in the kitchen, at which time he threw a bottle of ketchup at her which spattered on the walls, floor and upon the back of her coat; that she immediately left the kitchen and went to the living room, to which he followed her, where she received the fatal wound. In the room where she was laying when the officers arrived, they noticed a clock on the floor the face of which was broken. A sewing basket with needles and several spools of thread in it was on the floor near the body. Appellant's right hand bore evidence of a few specks of powder burns. The officers noticed a .38-caliber double-action pistol lying on the chest of drawers in the room. The pistol contained one empty shell which appeared to have been recently fired.

Appellant made a voluntary confession in which he admitted that he threw a ketchup bottle at his wife; that it broke and spattered ketchup all over the wall, door and on the back of her coat. He said that the telephone rang and he told her to answer it; that she declined to do so and remarked that it was some of his women friends calling him; that he ran towards her; that a .38-caliber pistol was lying on the top of a chest of drawers just south of the French door; that she put both of her hands upon her coat and started to pull it off; that as she started to pull her coat off she saw the gun; that she reached for it and he also grabbed for it; that she caught the gun by the barrel and he jerked it away from her; that he had the handle of the gun in his hand with his finger on the trigger; that his wife was standing in front of him; that when he jerked the gun back he pulled the trigger and the shot went into her neck; that when he first talked to the officers (Mr. Brooks and Mr. Brown), he told them that he had knocked the pistol off the chest of

drawers while pulling off his coat and did not have his hands on the gun at all; that when he knocked it off, it hit on the floor and fired. The State declined to introduce the exculpatory part of the confession. Thereupon appellant introduced it. Upon the trial appellant testified to the quarrel which he and his wife had and to the throwing of the bottle of ketchup at her; that she went to the living room; that when she entered the same she reached for the pistol and so did he; that in the tussel over the possession of the gun it went off and killed her; that he did not remember whether or not he pulled the trigger. On cross-examination, he admitted that he told the officers on the night in question that the deceased, while in the act of pulling off her coat, knocked the pistol from the chest of drawers; that when it hit the floor it fired and the bullet struck her in the neck. This theory was no doubt considered by the officers to be in conflict with the physical facts in this, that the bullet entered her throat just below the chin and went on a straight line from the point of entrance to the rear of the neck. If the pistol had fallen to the floor and then discharged, the bullet would most likely have passed through her neck at an angle which no doubt caused them to continue their investigation.

It will be noted that appellant made several conflicting statements relative to the occurrence at his home on the night in question.

After carefully considering and weighing the evidence adduced by the State, we have reached the conclusion that, if believed by the jury, it is sufficient upon which to base their conclusion of his guilt. Had the jury accepted the testimony of the defendant, it would have justified an acquittal. The jury are, by statute, made the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony; and we would not be justified in setting aside the verdict of the jury because the evidence of the defense is in conflict with that introduced by the State.

Complaint is also made of the testimony of T. E. Brooks, a city policeman, who, after having examined and operated the pistol in question, testified that he had been a policeman of the City of Fort Worth for a number of years; that from the use and experience with small firearms for quite a number of years, he was familiar with the operation of the same; that the pistol in question was a double-action pistol; that it could not be fired unless the trigger was pulled back a certain distance, which automatically pulled the hammer back and then released it, or by pulling the hammer back with the thumb and then pulling

the trigger which released the hammer; that in his opinion the pistol was in good working order. The basis of appellant's objection to this testimony was that the witness had not sufficiently qualified as an expert to express an opinion. With this contention we cannot agree. Peace officers who for years have used, handled and operated small firearms and who are familiar with the mechanism and operation thereof, are sufficiently qualified to express an opinion as to whether or not a certain pistol functions properly and in the usual manner, etc. See Fay v. State, 52 Tex. Cr. R. 185 (188); Meyers v. State, 14 Tex. Cr. App. 35; Pemberton v. State, 55 Tex. Cr. R. 464 (467); Hunter v. State, 54 Tex. Cr. R. 224 (227).

Bill of Exception No. 3 relates to the introduction in evidence of some photographs taken by T. E. Brooks, one of the officers, which reflected the conditions of the inside of appellant's home as they existed on the night in question. Appellant objected to the introduction in evidence of these photographs on the ground that the officers did not have any search warrant. There is no merit in his contention. The officers were summoned by some one at his request and appellant invited them into his home. Consequently, they were lawfully upon his premises, and the photographs taken at that time were admissible in evidence. See Dubbs v. State, 157 S. W. (2d) 643. However, the officers, without any objection on the part of appellant, testified fully to the conditions of the rooms in appellant's home. The photographs merely tended more accurately to convey to the jury the conditions therein than the witness could do by words. See Sanchez v. State, 67 Tex. Cr. R. 453, 149 S. W. 124; Hassell v. State, 80 Tex. Cr. R. 93, 188 S. W. 991; Hart v. State, 87 Tex. Cr. R. 55, 219 S. W. 821.

Bill No. 4 is qualified by the trial court, and as thus qualified, it fails to reflect any reversible error. We see no need of entering upon an extended ·discussion thereof.

Bill of Exception No. 5 relates to the testimony of T. E. Brooks to the effect that he smelled a damp spot on the back of the deceased's coat; that he used Tomato Ketchup in his home and was familiar with the texture, smell and appearance thereof; that in his opinion the spot on the back of the coat was ketchup, to which appellant objected on the ground that the witness had not sufficiently qualified as an expert to authorize him to give his opinion on the subject, and because the search of the appellant's home was made without a search warrant. There is no merit in this contention. Appellant took the witness stand and testified that he threw a ketchup bottle at the

deceased and that it spattered over the walls and on the back of her coat. Consequently, testimony to the same effect was introduced by the appellant.

Bill No. 6 relates to the testimony given by George W. Lacy, who was connected with the Texas Department of Public Safety, to the effect that a day or two after the alleged homicide, he made a paraffin test of the appellant's hand in the usual way and discovered that there were marks of powder burns on his right hand. Appellant objected to this testimony on the ground that the witness had not sufficiently qualified to express an opinion and because the defendant was not warned as required by law prior to making the test. The sum and substance of this testimony was that appellant had recently fired a gun which produced the powder burns. While on the witness stand, appellant admitted that he had the handle of the pistol in his right hand at the time it was discharged. Consequently the testimony of the appellant had the same effect as that given by the witness Lacy. Therefore, he has no just ground for complaint.

Bill No. 7 is without merit. We see no need of entering upon an extended discussion of the same.

Bill of Exception No. 8 complains of the following testimony given by George W. Lacy, a witness for the State:

"Considering this pistol which has been introduced in evidence, and considering the spots, that I found on this man's hand, of nitrite salts, in my opinion that makes me a pattern of where the salts or gases would have been thrown from this particular gun; and considering the location of those particular nitrite spots on that right hand, I have an opinion as to whether he had fired a gun within the last few hours prior to the time I made that test. This test is a good indication that he had probably fired the gun."

Appellant objected to this testimony because the witness had not sufficiently qualified himself as an expert to express an opinion; and for the further reason that the defendant was under arrest and in custody of an officer at the time and was not warned as required by law. The effect of Lacy's testimony was that appellant had recently fired a gun, and testimony to the same effect was given by appellant when he admitted that he had the handle of the pistol in his right hand at the time it was discharged. We do not understand how the testimony of Lacy in any way injuriously affected the appellant's legal rights. We, therefore, overrule his contention. However, in disposing of

Bills of Exception Nos. 6 and 8, we do not wish to be understood as holding that the result of the paraffin test would not have been admissible because appellant was under arrest at the time and not warned.

All other matters complained of have been fully considered by us and deemed to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that we erred in many ways in our decision in this cause in the original opinion herein.

We have again carefully gone over the record and remain of the opinion that appellant's contentions were properly disposed of in the original opinion, and we adhere thereto.

The motion is therefore overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.