VERNON KNOBLOCH, WILSON LELUX AND
EARL C. IVY V. THE STATE.

No. 23852. Delivered January 7, 1948.
Motion for Rehearing Overruled (Without Written
Opinion) February 18, 1948.

*W. J. Baldwin*, of Beaumont, for appellants.

*Jep S. Fuller*, County Attorney, and *Ramie H. Griffin*, Assistant County Attorney, both of Beaumont, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery. The punishment assessed against each of the appellants is confinement in the state penitentiary for a term of five years.

It was the State's theory, supported by the confessions of appellants, that on or about the 10th day of April, 1947, they committed an assault upon the person of Nicolay Kiosterud, and by such assault robbed him of $20.00 which they divided among themselves equally. Upon the trial, appellants took the witness stand and repudiated, in part, their confessions. However, Knobloch, on the trial, among other facts, testified to by him said, "I knew when I got on the stand I was going to tell the truth about the robbery and did tell the truth about the robbery but I deny killing him." LeLux testified, "I didn't want to tell him the truth (meaning the officer to whom he made the confession). The truth was I had gotten the money but I didn't want to tell him because I was scared of him just like the rest. I told Angell I fought him because I was afraid of him. I didn't want to tell the truth about the money, just the fight. Knobloch had so much blood on his shirt that he threw it over the bridge." They admitted that after the fight they drove away at a high rate of speed; that they did not tell anyone what had happened until they were arrested and charged with the offense. One of the appellants went home with blood on his clothes and his sister washed the shirt, but the officers obtained his pants which had blood on them. They admitted that they got $20.00 from the injured party, but contended that he gave it to them in consideration that they take him to places where he might meet some girls; that when they failed to get in touch with any girls, he demanded the return of his money but they declined to return it; that he then began to strike them and they struck back, knocking him down, and then they drove away leaving him lying on the highway. He was discovered the next morning lying partly in or near a ditch of the highway. An autopsy was performed which revealed a number of bruises on his face and head and some water and mud in his lungs which indicated that he died from suffocation rather than from the wounds and abrasions on his body. We deem the evidence sufficient to sustain the conviction.

By Bill of Exception No. 1 they complain of the introduc-

tion in evidence of the extra-judicial confessions of Wilson LeLux and Vernon Knobloch because Nick Hyde, the officer to whom the confessions were made, after testifying that he gave each of the parties the statutory warning, on cross examination by appellants' counsel stated, "I told them the statement could be used against them in any way. I don't remember telling them it could be used for them, but I won't say that I did or did not." Their objection to the introduction in evidence of said confessions was that they were not in compliance with Art. 726, Ver. Ann. C. C. P. in that persuasion was used to obtain said confessions, in this, that he told them they would not be abused, and for the further reason that the officer was not certain that he did not tell each of the defendants that it would be used for each of said defendants as well as against each of them and therefore was not a voluntary confession within the meaning of Art. 726, Vernon's Ann. C. C. P.

The record reflects that the defendants testified in their own behalf on the trial but they, nor either of them, testified that the officer to whom they made the confessions told them, or either of them, that the confessions would be used for them as well as against them. The officer specifically stated that he did not remember telling them anything like it, but he would not be positive whether he did nor did not. The confessions upon their face will show that the statutory warning was given and there is nothing in the confessions which shows that he told them they might be used for them as well as against them. The mere fact that the officer did not remember that he told them they would be used for them as well as against them is not sufficient to show that he did do so. We do not believe that under the facts as disclosed here we would be authorized to hold the confessions inadmissible on that ground.

They also contend that the confessions were not voluntary because the officer to whom they made the confessions told them after having read to them the statutory warning, that they would not be rewarded in any way; that they would not be abused in any way, and they did not abuse them. Appellants claim that this was an indirect way of telling them that if they did not make a confession they would be abused. It seems to us that to reach such a conclusion would require a stretch of the imagination too far.

Appellants cite us to the cases of Adams v. State, 86 S. W. 334, and McCain v. State, 141 S. W. (2d) 613, as supporting their contention. In the Adams case, the uncontradicted evidence

shows that the officer to whom the confession was made told the accused that any statement he made might be used in evidence for or against him. It will be noted that the case of Adams v. State, supra, is distinguishable from the instant case on the facts. The case of McCain v. State, supra, was affirmed on motion for rehearing.

Appellants next contend that the court erred in admitting in evidence the confession of Earl C. Ivy. Their contention is that the confession was obtained through fear, in this, that the officer to whom the confession was made informed him that they were charged with murder whereas the confession was used in the trial of the case wherein they were charged with the offense of robbery by assault, and further, that two confessions were obtained from Ivy which are contradictory to each other. Touching the question of fear we find that the accused, Ivy, testified, "Nobody bothered me when I gave my confession before Mr. Buford. Nobody touched me. Mr. Buford didn't promise me anything." This definitely shows that no one put the accused in fear which induced him to make the confession.

Now, with reference to their contention that they were charged with the murder of Nicolay Kiosterud at the time the confessions were made and not with robbery of Kiosterud, would, in our opinion, under the facts of this case, be immaterial since the robbery of the deceased was committed by the same parties and at the same time and place. The confession itself related to the robbery. He told the officer that they took $20.00 from Kiosterud, the injured party, and divided the same equally among them. Therefore, under the facts as disclosed by the record, the confession related to the offense of robbery as much, if not more, than to the offense of murder. In support of our conclusion, we refer to the case of Taylor v. State, 3 Tex. Cr. App. 387, wherein it is said, "It is immaterial that the offense for which he was in custody when he made the statement was different than that for which he was on trial."

Their contention that Ivy made two confessions which were contradictory with each other is without merit. The claimed contradiction consists in this, that in the first confession he stated that he changed two ten-dollar bills at the Poor Boy Club, but in his second confession, which was supplementary to the first, he stated that he changed one ten-dollar bill at Henry's Place on Houston Avenue and the second at LeBlanc's. This was merely a correction of an error in his first confession, and would not prevent the confession from being admissible in evidence.

Appellants next complain of the introduction in evidence of certain photographs which appear in the statement of facts as exhibits and to which they refer in their bill of exception. They urged a general objection to all of the photographs on the ground that a proper predicate had not been laid as a basis for the introduction of the same. This bill is really too general to be considered. However, we do find that the State proved by Mr. Hyde the following as a basis for the introduction in evidence of the photographs, "I have been up that road for 35 years and that is the same road. The conditions change every few hours, it gets wet and gets dry. It is a hard surface road and has been that way several years, and I would say the general condition of it is the same as it was on the night of the robbery." We think that this testimony shows that the road was practically the same at the time the photographs were taken as it was at the time the alleged offense was committed. The rear of the car showing the license plate as well as the side of the car showing that the glass was broken out was proved by witnesses substantially as shown by the photographs. Therefore, it was not error to admit the photographs in evidence. See Hassell v. State, 188 S. W. 991; Gibson v. State, 110 S. W. 41 (In fact 52); Hart v. State, 219 S. W. 821; and Beaver v. State, 184 S. W. (2d) 1020.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.