BOBBY LOUIS STEIN V. STATE

No. 34,014.   January 10, 1962
Rehearing Overruled March 14, 1962
Second Motion for Rehearing Overruled April 18, 1962

*Jack W. Knight,* (On Appeal Only), *W. E. Martin* and *Bernard A. Golding,* all of Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Jon N. Hughes,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder; the punishment, death.

The State's evidence shows that the deceased operated a liquor store in the City of Houston. On the night of New Year's Eve, December 31, 1960, appellant and a companion, George Sullivan, went to the liquor store shortly before 10 P.M., to purchase some liquor. While they were in the store, a shot was fired and the two ran outside and fled. Appellant was carrying two bottles of whisky. After the shot was fired, the deceased staggered from the counter and fell mortally wounded with a gunshot in the neck. The deceased's wife, who was present, upon hearing the shot observed a gun in the appellant's hand and identified appellant the next day at a police lineup as the one who shot her husband. She stated that just before the shot was fired, Sullivan tried to pull her from the doorway where she was standing into the store. Appellant was arrested on the night of the killing, around 1:55 A.M., and on the afternoon of January 2, accompanied the officers to his home where they recovered a .38 caliber pistol from a trash can, which appellant admitted was the pistol with which he shot the deceased. Ballistics tests showed that a bullet recovered from the body of the deceased had been fired from the appellant's pistol. Later in the afternoon of January 2 appellant, after being duly warned, made and signed a written confession to Officer D. M. Fults at 3:20 P.M., in which he stated

that on the night in question he went to the deceased's liquor store with George Sullivan to purchase some liquor and that while in the place, he (appellant) shot the deceased. The confession, omitting certain portions, was introduced in evidence, without objection, as State's Exhibit No. 4. The State also introduced in evidence without objection, as State's Exhibit No. 5, a written statement made by George Sullivan in which he recited how he and the appellant went to the liquor store to purchase whisky and while in the store he heard a shot and when he looked up he saw a gun in appellant's hand. On April 21, appellant, after being duly warned, made and signed another statement in which he admitted shooting the deceased on the night in question, but stated that the reason he and Sullivan went to the store was to rob the place. This later statement was introduced in evidence, over appellant's objection, as State's Exhibit No. 6.

Testifying as a witness in his own behalf, appellant admitted going to the liquor store on the night in question, but denied that he went inside and shot the deceased. Appellant stated in substance that it was Sullivan who entered the store and shot the deceased. He also repudiated his two confessions and testified that the statement in the confessions that he killed the deceased was not true. Appellant swore that the reason he made such statement to the officers was to take the "rap" because of Sullivan's bad record. He further testified that the reason he signed the statement of April 21 was because a lieutenant at the police station told him if he would sign the statement the court would be more lenient with him and he would not get the chair.

Both Lt. Belcher, the officer to whom the statement was made, and Lt. Clark, who was present at the time it was made, denied making any such statement or promises to appellant.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals; gave application to the provisions of Art. 42 V.A.P.C., by instructing the jury that if appellant, while in perpetration of a robbery, through mistake or accident did kill the deceased, he would be guilty of murder with malice and submitted to the jury the question as to the voluntary nature of appellant's written statements introduced in evidence.

We shall discuss the contentions urged by appellant in his brief and in oral argument.

Appellant's first claim of error is that the State tendered to

him in the presence of the jury the accessory, George Sullivan, and repeatedly challenged appellant to place Sullivan on the stand as a witness.

The record reflects that appellant first called Sullivan as a witness and the State objected, on the ground that: "He is under indictment in this case and is not a competent witness." The objection was sustained. Thereupon, the jury was retired and in their absence appellant offered in evidence a certified copy of an indictment which charged Sullivan as an accessory after the fact to the offense of murder for which appellant was on trial.

Later in the trial, State's counsel announced: "At this time we will withdraw our objection to Mr. Knight calling George Sullivan to testify," to which appellant objected on the ground that the State was challenging him to call the witness which he was barred from calling and moved for a mistrial. The court instructed the jury not to consider the remark of State's counsel and denied the motion for mistrial.

Art. 711 C.C.P. and Art. 82 P.C. which provide, in effect, that one charged as an accessory cannot be introduced as a witness in behalf of the defendant charged as a principal, further provide in effect that the principal may claim a severance, and if the accessory be acquitted or the prosecution be dismissed, the accessory may testify.

This Court has held that these statutes must yield to Art. 81 P.C. providing that if the principal is arrested he shall be tried first, and one charged as a principal is not entitled to have one indicted as an accessory to his alleged crime tried first. Williams v. State, 27 Texas App. 476, 11 S.W. 481; Sewall v. State, 67 Texas Cr. Rep. 105, 148 S.W. 569.

When State's counsel withdrew his objection to Sullivan testifying, the witness could have then been called by appellant to testify as if no objection had been made. We perceive no reversible error in the action of State's counsel in withdrawing his objection to the witness testifying.

Nor do we agree that State's counsel committed reversible error in his jury argument when he referred to the fact that the State had withdrawn its objection to Sullivan testifying and told the jury that appellant's counsel could have placed Sullivan on the stand if he so desired. Such statement was supported by the record, although the court did sustain appellant's objection thereto

and instructed the jury not to consider the same. Furthermore, in his argument to the jury, counsel for appellant criticized the State for not calling Sullivan as a witness and told the jury that under the law appellant could not call him. The argument of State's counsel appears to have been invited by that of counsel for appellant. Wall v. State, 156 Texas Cr. Rep. 239, 240 S.W. 2d 763.

After appellant's counsel in his jury argument had inferred that the maximum punishment which Sullivan could receive was two years, State's counsel made the following objection: "We object to that. He is being tried for murder." Appellant objected to counsel's remark and moved for a mistrial. In response to the objection the court instructed the jury not to consider the remark of State's counsel and denied the motion for mistrial. We find nothing in the remarks of State's counsel with reference to Sullivan being tried for murder which was so obviously prejudicial that its effect upon the jury could not be removed by the court's instruction not to consider the same.

Appellant next insists that State's counsel committed reversible error in his jury argument when he stated: "While we are talking about George Sullivan, there was no objection to this statement and it was introduced in evidence but we proved that George Sullivan made a second statement * * *" Appellant insists that such remark presents reversible error notwithstanding the court's instruction to the jury not to consider such statement because it was not shown that Sullivan made a second statement. Our examination of the record reflects that the State did show, by the witness Evans, that Sullivan made a second written statement on April 21, but that the same was not introduced in evidence. The contention is overruled.

Appellant insists that the court erred in charging on the law of principals because appellant's companion, Sullivan, was under indictment as an accessory to the crime and therefore could not be a principal to the murder. Appellant cites no authority in support of his contention. The fact that Sullivan was under indictment as an accessory to the murder did not foreclose proof by the State that appellant and Sullivan acted together as principals in the commission of the offense. Under the State's evidence showing that Sullivan was present and participated with appellant in the killing of the deceased, the court correctly charged the jury on the law of their acting together as principals.

Appellant's last contention is that the court erred in admitting

in evidence his second confession made on April 21, because the same was taken after his indictment and without presence of his counsel. When offered in evidence, appellant's only objection was on the ground that the second confession was contrary to the State's theory, as shown by his first confession, that he did not go to the liquor store to commit robbery and was therefore in impeachment of the first confession. While appellant gave two different reasons in the confessions as to why he went to the liquor store on the night of the killing, in each confession he admitted shooting the deceased. The confessions were not so contradictory as to render them inadmissible. Knobloch v. State, 151 Texas Cr. Rep. 413, 208 S.W. 2d 91. The second confession, having been taken in compliance with Art. 727 V.A.C.C.P., was properly admitted in evidence.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

We have again carefully considered the record in the light of appellant's contentions and remain convinced that it does not show reversible error.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.