Johnny Mack BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 39338.

Court of Criminal Appeals of Texas.

March 9, 1966.

Rehearing Denied April 27, 1966.

Dan R. McCormack, Dallas, for appellant.

Henry Wade, Dist. Atty., Kenneth Blassingame, John Nelms and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is robbery; the punishment, 35 years.

The indictment alleged the robbery of Celia Garcia and the taking of $852.56 cur-

rent money of the United States of America. The allegation of the indictment "by using and exhibiting a firearm, to-wit, a gun" was deleted upon motion of the state, and the case went to trial before a jury on the remaining part of the indictment to which appellant's plea was not guilty.

The state's evidence shows that the robbery was committed at about 1 o'clock P. M. at the office of a loan company of which Celia Garcia was part owner and manager.

Ivery Travenio Williams was identified by Celia Garcia and by Otis Webster, a customer who came to the office to pay a bill while the robbery was being committed, as the person who at gun point required Mrs. Garcia to take the money out of a cash drawer and put it in a sack.

Appellant was identified by Otis Webster as the man who prevented his leaving the office by pointing a pistol at him.

The only other eye witness to the robbery was Celia Garcia's married sister who was pregnant at the time. She did not testify.

The state's evidence shows that Williams handed the sack of money to appellant and they exchanged pistols. Before leaving with the money, Mrs. Garcia's sister, the customer Webster, and later Mrs. Garcia, were put in the bathroom.

Appellant testified that he was not guilty of the robbery and had never been to the Time Finance Company in his life. His testimony and that of his witnesses was to the effect that he played dominoes all day on September 8, 1964, at his home.

The court charged the jury on the defense of alibi. It is evident from their verdict that the jury chose to believe the witnesses for the state.

■ Appellant's contention that the evidence is insufficient to sustain the conviction is overruled.

Appellant's remaining grounds for reversal relate to the court's refusal to allow Ivery Traveno Williams to testify as a witness in appellant's behalf.

The record shows that Williams had been indicted, tried and convicted for the same robbery and was serving a life sentence for such offense. Also, the state's evidence in this case shows that appellant and Williams were principals in the commission of the robbery and the case was so submitted to the jury.

■ Appellant contends that Art. 711 Vernon's Ann.C.C.P., in effect at the time of trial, and Art. 82 Vernon's Ann.P.C., both of which provide that parties charged as principals cannot be introduced as witnesses for one another, are unconstitutional. Such a contention was overruled in Washington v. State, Tex.Cr.App., 400 S.W.2d 756.

We find no merit in appellant's contention that such statutes were repealed by the 1926 amendment of Art. 708 C.C.P. so as to provide that convicts shall be permitted to testify in person for the state and the defendant. Arts. 82 P.C. and 711 C.C.P. relate to persons indicted for the same offense as that for which the defendant is on trial. Art. 708 C.C.P. related to the right to have a convict to testify in person. (As to the present statutory law on the subject see Arts. 24.13 and 38.06 C.C.P. 1965.)

We note, further, that there is no showing in the record as to what Williams would have testified, had he been a competent witness for appellant, though bench warrant had been obtained and he was present at the trial.

The judgment is affirmed.