**Ex parte Stephen D. ZERSCHAUSKY.**

**No. 40133.**

Court of Criminal Appeals of Texas.

June 7, 1967.

Rehearing Denied July 19, 1967.

Fred A. Semaan, Oscar C. Gonzales, San Antonio, for appellant.

James A. Barlow, Dist. Atty., San Antonio, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding attacking the validity of petitioner's conviction for murder with punishment assessed at 30 years.

The petition was presented to Hon. Archie S. Brown, Judge of the 144th District Court of Bexar County where the conviction was had.

Judge Brown ordered a hearing on the question of whether the writ should issue, and after the hearing granted the writ returnable before this court, as provided in Art. 11.07 Vernon's Ann.C.C.P.

Trial of the case which resulted in the conviction attacked began April 1, 1963, which was prior to the repeal of Art. 711 C.C.P. (by the 1965 Code of Criminal Procedure) under which persons charged as accessories could not be introduced as witnesses for the principal. (Art. 82 P.C. to the same effect is repealed in the 1967 amendment to the 1965 Code but such amendment is not yet in effect.)

The grounds upon which the conviction under which petitioner is confined in the Texas Department of Corrections is attacked is that petitioner, during his trial, was denied the benefit of the testimony of three eye witnesses to the killing who were under indictment as accessories and thereby disqualifed as witnesses in his behalf under Articles 81 and 82 of the Penal Code and Art. 711 of the Code of Criminal Procedure in effect at the time of his trial, which Articles he contends are unconstitutional and in direct conflict with the Sixth Amendment of the Constitution of the United States.

A careful review of the record relating to the trial at which petitioner was convicted, shown by evidence offered by petitioner at the habeas corpus hearing to contain all of the testimony with nothing omitted or added, reflects that no ruling by the trial judge relating to the witnesses under indictment as accessories to petitioner was sought or made, and petitioner relies for his claimed denial of due process on (1) the unconstitutionality of the statutes above mentioned; (2) the refusal of the district attorney of his request that he waive any objection that the law gave him to the accessory witnesses testifying and permit them to be put on the stand by the defense and to testify, and (3) the ground that he was deprived of the testimony of such witnesses by reason of the fact that the state, by and through its Criminal District Attorney, was responsible for having such witnesses indicted as accessories.

In Washington v. State, Tex.Cr.App., 400 S.W.2d 756, the court sustained the objection of the state to the calling of Fuller, a co-principal who had been convicted of the murder for which Washington was on trial. The question decided by this court was whether *the court's ruling,* predicated upon Art. 711 C.C.P. then in effect, violated Washington's rights under the Sixth and Fourteenth Amendments.

In Brown v. State, Tex.Cr.App., 401 S.W.2d 251, as well as in Washington, supra, we held that Art. 711 C.C.P. (1925) and Art. 82 P.C. which provides that par-

ties charged *as principals* cannot be introduced as witnesses for one another were constitutional. As in Washington, supra, *the court's refusal* to allow the witness who had been convicted as a principal in the murder to testify in the defendant's behalf was relied upon as showing denial of due process.

■ This court has recognized the inherent power of the trial court to protect the rights of the defendant guaranteed by Art. 1, Sec. 10, of the Constitution of Texas, Vernon's Ann.St. and has held that the Legislature is without authority to deprive an accused of his right to have compulsory process for obtaining witnesses in his favor. Bludworth v. State, 168 Tex.Cr.R. 549, 330 S.W.2d 436, and cases cited.

■ We held in Stein v. State, 172 Tex. Cr.R. 248, 355 S.W.2d 723, that one under indictment as an accessory was competent to testify, counsel for the state having withdrawn his objection, and pointed out that Articles 711 C.C.P. and 82 P.C. must yield to Art. 81 P.C. which provides that unless he has escaped the principal shall be tried first.

In Sewall v. State, 67 Tex.Cr.R. 105, 148 S.W. 569, decided in 1912, the refusal of the trial court to grant a severance, the other parties being charged as accessories, was held not to be error but it was suggested:

> "if the court should ascertain the fact to be that the witnesses were indicted to prevent them from testifying, the court should see that no injury is done the appellant for this reason, and use such authority as is confided to the trial court to see that no undue advantage of this sort may be taken."

There is no showing in the record that the trial judge was afforded the opportunity at the trial to allow the witnesses under indictment as accessories to be introduced as witnesses for petitioner, notwithstanding the provisions of Arts. 711 C.C.P.

and 82 P.C. relating to accessories as witnesses, and without regard to whether or not the district attorney objected or whether or not he "was responsible" for having such witnesses indicted as accessories.

■ The trial judge had inherent power to protect the rights of petitioner under the Due Process Clause of the Constitution of the United States and under Art. 1, Section 10, of the Constitution of Texas.

In addition to the authorities above mentioned, the rule applied by the Circuit Court of Appeals for the 5th District in Bonner v. Beto, 373 F.2d 301, is applicable in the courts of this state as well as in the Federal Courts.

> "The Fourteenth Amendment leaves Texas free to adopt whatever statute or decision she elects concerning the competency of various classifications of witnesses to testify, whether or not her rule conforms to that applied in the Federal Courts or in other state courts. But as the Supreme Court said in Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941), '[T]he adoption of the rule of her choice cannot foreclose inquiry as to whether in a given case, the application of that rule works a deprivation of the prisoner's life or liberty without due process of law.' "

■ We hold that petitioner is not entitled to relief on the ground that Article 711, V.A.C.C.P. and Articles 81 and 82 of the Penal Code are unconstitutional; that Article 711, V.A.C.C.P. and Art. 82, P.C. must yield to Art 81, P.C. which provides that unless the principal has escaped, he shall be tried before the accessories, and that all of such statutes must yield to the constitutional right of the defendant in a given case to compulsory process for witnesses and to have their testimony.

Petitioner is not complaining of any ruling of the trial court at his trial regarding his right to call witnesses. His complaint

is that the District Attorney who was called by the defense as a witness declined to waive objection to witnesses under indictment as accessories to petitioner being competent to testify.

In the absence of any ruling of the trial court denying petitioner the right to call the witnesses under indictment as accessories and have them testify for him, we overrule the contention that petitioner was denied due process.

The relief prayed for is denied.

## DISSENTING OPINION

MORRISON, Judge.

This case was assigned to me originally, and I prepared the following opinion in which my brother ONION, J., joined. We now adopt such opinion in its entirety as our dissent in order to fully reflect our views.

"On December 28, 1966, the Honorable Archie S. Brown, Judge of the 144th District Court of Bexar County, held a hearing and certified the record thereof to this Court for appropriate action under Article 11.07, V.A.C.C.P.

On April 1, 1963, relator was tried in said 144th District Court under an indictment charging him with murder which resulted in a verdict of guilty with punishment assessed at 30 years. No appeal from this conviction was perfected. The thrust of relator's contention is that he was deprived of his liberty without due process of law under the Fourteenth Amendment to the United States constitution in that he was deprived of the testimony of the three eye witnesses to the homicide because they had been separately indicted as his accessories in such homicide.

In order to establish the factual support of such contention, appellant's counsel testified at the habeas corpus hearing before the same judge who had conducted the original trial:

'MR. SEMAAN: All right, sir. Shortly before the trial of the case, which began on April 3, I think, 1963, I had a short conversation with Judge Brown, who was the Judge that tried the case. I discussed the case of Stein v. State—and, offhand, I don't remember the citation but I can furnish it into the record —which holds that an accessory can testify if the prosecution will waive their objection. And I told Judge Brown that I wasn't sure whether or not he was familiar with the ruling in the case, but that I wanted him to be aware of it and that I intended to ask the District Attorney to waive his objection and let the accessories testify. If he agreed, I apprised Judge Brown of the fact that I intended to call these witnesses. If the District Attorney didn't waive his objection, then I couldn't call them. Judge Brown agreed with me, that that was more or less the law and to wait and see what the District Attorney's attitude was during the trial.

Now during the trial, I did ask the District Attorney if he would waive his objection and let the accessories testify; and he refused.

Q. (By Mr. Leon:) Did you have the witnesses ready, willing and available to testify at that time?

A. They were out in the hall ready to take the stand the minute they were called.'

The trial record clearly shows that relator's counsel asked the District Attorney to waive his objection to the witnesses' testifying as permitted by Stein v. State, [172 Tex.Cr.R. 248] 355 S.W.2d 723, and that he refused to do so, but later dismissed the indictments against the witnesses. It thus appears that this constitutional question is clearly before this Court for decision, and we may not pass the same from our lips.

At the hearing on the habeas corpus application it was shown that had the acces-

sories been permitted to testify, they would have supported relator's claim of self-defense. The only other witness to such facts was Helen Blake, who was not indicted as an accessory and was the State's main witness.

There is a long line of decisions from this Court applying Article 711, V.A.C.C.P. and Article 82, V.A.P.C. The constitutionality of such statutes was not, however, attacked until the recent cases of Washington v. State, [Tex.Cr.App.] 400 S.W.2d 756, and Brown v. State, [Tex.Cr.App.] 401 S.W.2d 251. The constitutionality of these statutes was upheld where the witness sought to be called by the defendant over the State's objection was a co-principal who had been indicted and convicted of the same offense for which the defendant was on trial.

In Washington v. State, supra, this Court said:

'The legislature has the power, except as limited by the Constitution, to prescribe the competency of witnesses in all cases.' [1]

In *Washington* it was observed that Article 711, supra, and Article 82, supra, have welded to them the severance statutes (Articles 650–654, V.A.C.C.P.1925).

Since the decisions in *Washington* and *Brown*, supra, the United States Court of Appeals for the Fifth Circuit in Bonner v. Beto, 373 F.2d 301, held that Bonner was deprived of his liberty without due process under the Fourteenth Amendment because he was deprived by virtue of Texas Statutes of the testimony of his wife, who had been indicted and convicted of the same offense.

After reviewing the history and reason for such statutes as Article 711, V.A.C.C.P. (1925) and Article 82, V.A.P.C. the Court in Bonner said:

'The Fourteenth Amendment leaves Texas free to adopt whatever statute or decision she elects concerning the competency of various classifications of witnesses to testify, whether or not her rule conforms to that applied in the Federal Courts or in other state courts. But as the Supreme Court said in Lisenba v. [People of State of] California, 314 U.S. 219 [62 S.Ct. 280, 86 L.Ed. 166] (1941), "The adoption of the rule of her choice cannot foreclose inquiry as to whether in a given case, the application of that rule works a deprivation of the prisoner's life or liberty without due process of law." '

The issue before us is not whether a defendant is deprived, under the circumstances of the case, of due process when he is not allowed to call as a witness in his behalf a co-principal who has been indicted and already convicted.

The question here presented is whether this relator was denied due process under the Fourteenth Amendment in that he was deprived of the testimony of eye witnesses who were under indictment as accessories to the homicide where their testimony favorable to relator's plea of self-defense could not be obtained by motion for severance requesting that they be first tried. Article 711, supra, in effect at the time relator was tried and convicted provided:

'Persons charged as principals, accomplices or accessories whether in the same

The United States Supreme Court granted certiorari in *Washington*, supra, and transferred the case to the appellate docket (No. 168) placing it on the summary calendar October 10, 1966 [385 U.S. 812, 87 S.Ct. 123, 17 L.Ed.2d 54], to decide the question: 'Is petitioner's conviction and sentence void because he was denied his rights under the Sixth and Fourteenth Amendments to the Constitution of the United States to have compulsory process in obtaining an available witness in his favor, namely a co-defendant charged and previously convicted under a separate indictment for the same transaction, and which co-defendant according to his Affidavit could have exonerated petitioner if such testimony were believed by the jury?' 35LW 3124.

or different indictments, cannot be introduced as witnesses for one another, but they may claim a severance; and, if any one or more be acquitted, or the prosecution against them be dismissed, they may testify in behalf of the others.'

Articles 80, 81, and 82, V.A.P.C. provide:

'An accomplice may be tried and punished before the conviction of the principal, and the acquittal of the principal shall not bar the prosecution against the accomplice, but on the trial of an accomplice the evidence must be such as would have convicted the principal.' (Art. 80, V.A.P.C.)

'An accessory may in like manner be tried and punished before the principal when the latter has escaped; but if the principal is arrested he shall be first tried, and if acquitted, the accessory shall be discharged.' (Art. 81, V.A.P.C.)

'Persons charged as principals, accomplices or accessories, whether in the same or by different indictments, cannot be introduced as witnesses for one another, but they may claim a severance, and if one or more be acquitted they may testify in behalf of the others.' (Art. 82, V.A.P.C.)

It is apparent from reading statutes quoted that they deny a defendant the right to the testimony of a witness who is under indictment as accessory to the crime for which he is on trial, and that the severance provision gives no relief because the principal must be tried first.

We hold therefore that the application of these statutes to relator worked a deprivation of his liberty without due process of law under the Fourteenth Amendment.[2]

Relator is ordered released from confinement in the Texas Department of Corrections and ordered delivered to the Sheriff of Bexar County, there to stand trial on the indictment pending against him in Cause No. 61704 in said Court. Such retrial is to be conducted in accordance with the terms of this opinion."

We respectfully dissent to the denial of the relief requested herein.

ONION, J., dissented.

## ON REHEARING

BELCHER, Judge.

The majority opinion delivered June 7, 1967, denying the relief prayed for was not bottomed upon the constitutionality of the Texas Statutes (Art. 711, Vernon's Ann. C.C.P. since repealed and Art. 82, Vernon's Ann.P.C., repealed by Act of the Legislature not yet in effect), but upon the holding that such statutes must yield to the constitutional right of the defendant in a given case to compulsory process for witnesses, including the right to put them on the witness stand; and to the further holding of the majority that the trial court was not called upon to make any ruling and made none which denied petitioner's constitutional rights to compulsory process for witnesses or to put them on the witness stand.

The decision of the Supreme Court in Washington v. State, 87 S.Ct. 1920, delivered shortly after the original opinion herein, is not inconsistent with the holding of the majority in that the trial judge did nothing to deny petitioner the right "to put his witnesses on the stand," or the "right to compel their attendance in court."

The essence of petitioner's position is that he was denied a fair trial because the district attorney, being called as a witness by him, declined to agree that he would not object if a witness under indictment as

2. Article 711, V.A.C.C.P. (1925) was deleted in the revision of the Code of Criminal Procedure, 1965. See Article 36.09 V.A.C.C.P. 1965.

his accessory was put on the stand. We do not agree.

Petitioner's motion for rehearing is overruled.

## DISSENTING OPINION

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON and ONION, Judges.

The position Judge Onion and this writer took originally in our dissent has been fortified by the opinion of the United States Supreme Court in Washington v. State of Texas, 87 S.Ct. 1920 (June 12, 1967), wherein the Court held the petitioner to be denied his right to compulsory process by the application of Texas Statutes (Articles 82, P.C. and 711, C.C.P.), because the "State arbitrarily denied him the right to put on the stand a witness who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and material to the defense."

The majority opinion says the decision of the Supreme Court in Washington v. State of Texas, supra, delivered shortly after the original opinion herein, is not inconsistent with the holding of the majority in that the trial judge did nothing to deny petitioner the right "to put his witnesses on the stand," or the "right to compel their attendance in court."

The fallacy of this position is apparent when we read further from Washington v. State of Texas, supra, as follows:

"The testimony of Charles Fuller was denied to the defense not because the State refused to compel his attendance, *but because a state statute made his testimony inadmissible whether he was present in the courtroom or not.* We are thus called upon to decide whether the Sixth Amendment guarantees a defendant the right under any circumstances

to put his witnesses on the stand, as well as the right to compel their attendance in court."

The identical situation exists in the case at bar and the only possible question relating to the applicability of the Washington holding is whether it is to be retrospectively applied. We need look no further than to the thinking of the Supreme Court of the United States as set out in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, in which the retrospective applications of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, were discussed. There the Court said that "in each of the three areas in which we have applied our rule retrospectively the principle that we applied went to the fairness of the trial—the very integrity of the fact-finding process." That the principle in the case at bar and in Washington is the very essence of the fact finding process and is of the nature deserving retrospective application can be readily seen from a reading of the majority opinion in Washington, wherein the Court said:

"The right of an accused to have compulsory process for obtaining witnesses in his favor stands on no lesser footing than the other Sixth Amendment rights that we have previously held applicable to the States."

and that:

"The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies."

We do not agree with the assertion made by the District Attorney of Bexar County that to give the Washington rule retrospective application would result in countless

felons being turned loose on the streets or granted new trials, because we do not say that in all cases where the statutes have been applied, the defendants are entitled to relief. There must be a showing that the testimony of the witnesses who would have testified in their behalf is of such nature that it could have affected the outcome of the trial.

We respectfully dissent.