Stephen D. ZERSCHAUSKY, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 25537.

United States Court of Appeals
Fifth Circuit.

June 12, 1968.

---

Fred A. Semaan, San Antonio, Tex., Luther E. Jones, Jr., Corpus Christi, Tex., for appellant.

Preston H. Dial, Jr., Asst. Dist. Atty., James E. Barlow, Crim. Dist. Atty., San Antonio, Tex., Lonny F. Zwiener, Asst. Atty. Gen., Crawford Martin, Atty. Gen.

of Texas, Sparta Bitsis, Asst. Dist. Atty., Austin, Tex., for appellee.

Before GOLDBERG and CLAYTON, Circuit Judges, and HANNAY, District Judge.

GOLDBERG, Circuit Judge:

Following the successful example of Jackie Washington,[1] the appellant at bar claims error in the state trial court's refusal to admit into evidence testimony of witnesses indicted as accessories. The district court below and the Texas Court of Criminal Appeals found the analogy invalid because the appellant here had never sought admission of such testimony. We affirm.

In April 1963 the appellant was convicted in a state district court for murder with malice and was sentenced to thirty years imprisonment. Three potential witnesses at his trial had been charged as accessories and did not testify. Their charges were dropped shortly thereafter. The appellant took no appeal from his conviction, but in 1966 he filed a petition for writ of habeas corpus in the same state district court, which granted the writ returnable before the Texas Court of Criminal Appeals.[2] On June 7, 1967, that Court, with two judges dissenting, denied relief. Ex Parte Zerschausky, Tex.Cr.App.1967, 417 S.W.2d 279. On the same day the appellant filed a petition for writ of habeas corpus in federal district court below. The district court conducted a thorough factual investigation and on October 16, 1967, handed down an extensive memorandum opinion denying relief.

The appellant relies on Washington v. State of Texas, 1967, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, which was

---

1. Washington v. State of Texas, 1967, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019.

2. Article 11.07 of the Vernon's Ann. Texas Code of Criminal Procedure gives the proper Texas procedure:

"After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas. The writ may issue upon the order of any district judge, and said judge may upon presentation to him of a petition for said writ, set the same down for a hearing as to whether the writ should issue, and ascertain the facts, which facts shall be transmitted to the Court of Criminal Appeals with the return of the writ if same is issued after such hearing."

decided on June 12, 1967, and which held unconstitutional the Texas statutes[3] denying defendants the right to call as witnesses anyone under indictment as accessories to the crime. The Court's holding is summarized in its final paragraph:

"We hold that the petitioner in this case was denied his right to have compulsory process for obtaining witnesses in his favor because the State arbitrarily denied him the right to put on the stand a witness who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and material to the defense. The Framers of the Constitution did not intend to commit the futile act of giving to a defendant the right to secure the attendance of witnesses whose testimony he had no right to use. The judgment of conviction must be reversed." 388 U.S. at 23, 87 S.Ct. at 1925.

Such holding is not here disputed.[4] However, in the *Washington* case there was no question of defense counsel's *voluntary* withholding of the challenged testimony. The testimony there was proffered by the only eye witness to the crime, and it would have corroborated Washington's testimony that the witness, not Washington, had committed the crime. We find relevant the following account by the Supreme Court:

"The record indicates that Fuller [the witness] would have testified that petitioner pulled at him and tried to persuade him to leave, and that petitioner ran before Fuller fired the fatal shot.

"It is undisputed that Fuller's testimony would have been relevant and material, and that it was vital to the defense. Fuller was the only person other than petitioner who knew exactly who had fired the shot and whether petitioner had at the last minute attempted to prevent the shooting." 388 U.S. at 16, 87 S.Ct. at 1922.

Unlike the facts in *Washington*, the district court in the case at bar found that no testimony by accessories was offered at the appellant's trial. The record contains suggestions to both the judge, in chambers, and to the District Attorney that the witnesses might be called, but it is devoid of any attempt to do so in open court. The district court also found that the testimony which would have been given by the accessories would have conflicted in several respects with the appellant's theory of self-defense. Finally, the court determined that the testimony would have been highly incriminating to those giving it. Noting that the appellant had waited to complain until charges had been dropped against the accessories and until the statute of limitations had run, the district court found, "the conclusion is inevitable that they were either deliberately by-passed as a part of the trial strategy, or that the present attempt to raise the constitutional issues has come as an afterthought."

Constitutional rights may be waived by conscious decisions of trial

---

3. Article 82 of the Texas Penal Code and Article 711 of the Texas Code of Criminal Procedure, in effect at the time of the Washington trial in 1964, provided as follows:
"Article 82. *Parties to offense as witnesses.*
Persons charged as principals, accomplices or accessories, whether in the same or by different indictments can not be introduced as witnesses for one another, but they may claim a severance, and if one or more be acquitted they may testify in behalf of the others."
"Article 711. *Principals, accomplices, or accessories.*

Persons charged as principals, accomplices or accessories, whether in the same or different indictments, cannot be introduced as witnesses for one another, but they may claim a severance; and, if any one or more be acquitted, or the prosecution against them be dismissed, they may testify in behalf of the others."

4. We find unnecessary a determination as to whether the *Washington* decision is retroactive. We note that the Texas statutes which were struck down in *Washington* have been repealed by the Texas Legislature.

strategy. Henry v. State of Mississippi, 1965, 379 U.S. 443, 450–451, 85 S.Ct. 564, 13 L.Ed.2d 408, 414–415; Fay v. Noia, 1963, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837, 869. To be sure, a defendant can waive only a "known right or privilege." See Brookhart v. Janis, 1966, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed. 2d 314 (and cases cited therein). See also Curtis Publishing Co. v. Butts, 1967, 388 U.S. 130, 142–145, 87 S.Ct. 1975, 18 L.Ed.2d 1094, 1104–1105 (and cases cited therein). But, though the *Washington* decision was a mere predictability in 1963, the appellant did have opportunity even then to voice his request, place the proffered testimony in the record outside the presence of the jury, and perhaps even obtain the benefits of the testimony at trial.[5] Moreover, the appellant began raising complaints couched in constitutional terms in habeas corpus proceedings *before* the *Washington* decision was handed down (and after the statute of limitations had run on any accessory charges against the three proposed witnesses).

 The facts in this case sufficiently withdraw it from the reaches of *Washington*. The district court correctly found that the appellant's failure to call the accessories to the stand was the result of a voluntary and conscious decision in trial strategy, not mere docile obedience to a Texas statute.

Affirmed.

---

5. "This court has recognized the inherent power of the trial court to protect the rights of the defendant guaranteed by Art. 1, Sec. 10, of the Constitution of Texas, Vernon's Ann.St. and has held that the Legislature is without authority to deprive an accused of his right to have compulsory process for obtaining witnesses in his favor. Bludworth v. State, 168 Tex.Cr.R. 549, 330 S.W.2d 436, and cases cited. * * * In Sewall v. State, 67 Tex.Cr.R. 105, 148 S.W. 569, decided in 1912, the refusal of the trial court to grant a severance, the other parties being charged as accessories, was held not to be error but it was suggested: 'if the court should ascertain the fact to be that the witnesses were indicted to prevent them from testifying, the court should see that no injury is done the appellant for this reason, and use such authority as is confided to the trial court to see that no undue advantage of this sort may be taken.'" Ex Parte Zerschausky, supra, 417 S.W.2d at 281.

After quoting the above passage from the Court of Criminal Appeals, the district court below added:

"If the trial court had been properly informed in an adversary manner, rather than *ex parte*, not only with respect to the holding of the Court of Criminal Appeals in Stein v. State, [172 Tex.Cr.R. 248], 355 S.W.2d 723, but also concerning its decisions in Bludworth v. State, [168 Tex.Cr.R. 549], 330 S.W.2d 436, and Sewall v. State, [67 Tex.Cr.R. 105], 148 S.W. 569, there is more reason than not to believe that he would have allowed the witnesses to testify, at least out of the presence of the jury, so that the complete record would be before the Court of Criminal Appeals."