**Ex parte A. C. THOMAS.**

**No. 41290.**

Court of Criminal Appeals of Texas.

May 15, 1968.

Rehearing Denied July 10, 1968.

Hollis D. Garmon, Greenville, for appellant.

Cameron McKinney, Dist. Atty., Greenville, and Leon B. Douglas, State's Atty., Austin, for the State.

A. C. Thomas, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The petition for writ of habeas corpus which the Clerk of this Court was directed to file and set was presented to the Judge of the 70th District Court of Ector County, where the conviction was had, and was denied by said District Judge upon his finding that the sole allegation of petitioner failed to present any issue of fact on the question of whether petitioner was illegally restrained in that the decision in Washington v. State of Texas, 388 U.S. 14, 87 S. Ct. 1920, 18 L.Ed.2d 1019, upon which petitioner relied, was neither applicable nor controlling.

Certified copies of the petition for the writ and for rehearing denied by the District Judge, and of the order denying same, have been transmitted to this court as directed in the order of the District Judge.

In the absence of any petition, brief or request to this court seeking relief or attacking the findings and conclusions of the Judge of the 70th District Court, the petition denied by the District Judge is not before this court for action under Art. 11.-07 Vernon's Ann.C.C.P.

To issue the writ of habeas corpus and grant relief under our original jurisdiction would require that, contrary to the findings and conclusions of the District Judge, we find and conclude that Washington v. State of Texas, supra, relied on by petitioner, should be extended complete retroactivity or at least that we conclude that such is otherwise controlling and should be applied retroactively under the facts alleged in applicant's petition.

The witness Fuller, who was not allowed to testify as a defense witness for Washington, had been convicted for the same murder for which Washington was on trial and was the only person other than Washington who knew exactly who fired the shot and whether Washington had at the last minute attempted to prevent the shooting. It was undisputed that Fuller would have testified that Washington pulled at him and tried to persuade him to leave, and that Washington ran before he (Fuller) fired the fatal shot.

Unlike Washington, appellant did not testify and offered no affirmative defense at his trial for burglary.

The petition denied by the trial judge contains allegations apparently taken from the Supreme Court's opinion in Washington v. State of Texas, supra, such as that he was arbitrarily denied the right to put on the stand a witness "who was physically and mentally capable of testifying to the events, * * * and whose testimony would have been relevant and material to the defense."

These allegations are but conclusions. Absent are any fact allegations as to what the witness would have testified had he waived his rights and testified as a defense witness, or facts showing how appellant was prejudiced by the ruling of the trial judge at his trial.

In an appeal pending at the time Washington v. State of Texas, supra, was decided, this court held that the decision of the Supreme Court was applicable and controlling and reversed. Overton v. State, Tex.Cr.App., 419 S.W.2d 371.

We are aware of no decision by any court holding that Washington v. State of Texas, supra, should be given complete retroactivity.

The question of whether Washington v. State of Texas, supra, was controlling was before this court in Ex parte Zerschausky, Tex.Cr.App., 417 S.W.2d 279. The majority held that it was not.

In Zerschausky v. Beto, 274 F.Supp. 231, Chief Judge Spears, of the United States District Court for the Western District of Texas, reached a similar conclusion and observed that if Washington v. State of Texas were to be considered as otherwise controlling, he was not convinced that it should be applied retroactively in the Zerschausky case.

The petition for writ of habeas corpus filed in this court is dismissed.

## OPINION—CONCURRING IN PART AND DISSENTING IN PART

ONION, Judge.

In Ex parte Young, Tex.Cr.App., 418 S.W.2d 824, where we interpreted Article 11.-07, V.A.C.C.P., as amended 1967, we held that where a hearing on disputed fact issues is granted by the judge of the convicting court, such judge shall make his findings of facts and conclusions of law. Where such hearing is held, regardless of whether a Writ of Habeas Corpus returnable to the Court of Criminal Appeals is issued or not, the record is to be transmitted to the Clerk of the Court of Criminal Appeals. This Court may then proceed as proscribed in Article 11.07, supra, as amended.

In Ex parte Young, supra, we did say:

"However, no district judge is required to entertain a petition for writ of habeas corpus and may deny a petition presented to him without a hearing and without finding or conclusion, in which event the applicant may present his petition to another district judge or to the Court of Criminal Appeals."

Nothing in Young or in Article 11.07, supra, requires a judge, who has denied a petition without a hearing, to transmit the record of such proceeding to the Court of Criminal Appeals. If the petitioner desires to seek further relief, he may present his petition to another district judge or to this

Court showing that he has presented the same petition to the convicting court and has been denied relief without a hearing and preferably, where possible, attaching a copy of the original petition and the order denying the same.

In the case at bar the trial judge, who presided at petitioner's trial which resulted in his conviction and which was affirmed by this Court in Thomas v. State, Tex.Cr. App., 387 S.W.2d 665, denied the petition without an evidentiary hearing.

The petition alleged that petitioner had been deprived at his trial of the testimony of his brother, Clarence Thomas, a co-defendant, when the district attorney's objection to such testimony was sustained by the court. Such allegations are supported by the attached affidavit of two bystanders. Further, petitioner directs attention to the transcription of the court reporter's notes which reflects that immediately after the State rested its case in chief, a discussion was held outside of the hearing of the reporter and the jury. The transcription then shows the following:

"THE COURT: The objection will be sustained and he will not be allowed to testify.

"MR. HOWZE: Note our exception, your honor."

The order denying the petition was not based upon the insufficiency of the fact allegations, but upon the trial court's conclusion that Washington v. State of Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, was neither applicable nor controlling.

Though no hearing was had, the trial judge ordered the record (pleadings and court's order thereon) transmitted to this Court. While such practice may be desirable for a number of reasons, the trial judge was not, under these circumstances, required to transmit such record, nor was this Court required to take any action upon the receipt of the same. Since receipt of such record the petitioner has not sought by any means to invoke the original juris-

diction of this Court.[1] I, therefore, agree that the petition denied by the judge of the convicting court is not before this Court for action under Article 11.07, V.A.C.C.P. Undoubtedly, this Court acted unprovidently in docketing this cause. For this reason, I concur in the result reached by the majority. I would dismiss this action without prejudice to the right of the petitioner to seek to invoke the original jurisdiction of this Court, or to re-petition the convicting court if he fears the sentiments expressed by the majority as to the sufficiency of the allegations of his present petition for habeas corpus.

Since the majority concludes that the petition is not before us for review and further that it does not contain sufficient allegations even if it were, I find it difficult to understand why the majority has chosen this case as a vehicle to reach out and hold that Washington v. State of Texas, supra, is not to be given complete retroactive application. This matter, in my opinion, should not be ruled upon until it is properly presented. If we were squarely confronted with the issue, I would have grave doubts that Washington should be given purely prospective or even quasi-prospective application. A ruling that is purely prospective does not apply even to the parties before the court. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L. Ed.2d 601. Washington, whose case was on direct appeal, and did not involve a collateral attack on the state court conviction, obtained the benefit of the ruling in his case. In Overton v. State, Tex.Cr.App., 419 S.W.2d 371, in an appeal pending in this Court at the time of the Washington decision, the appellant was likewise given the benefit of that ruling.

It is observed that the majority in refusing to hold Washington fully retroactive ignores the criteria established by the United States Supreme Court for determining whether a decision should be given retroactive application.[2] Linkletter v. Walker, supra; Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed. 2d 453; Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

This, however, is probably a matter of small moment in view of the nature of the rule laid down in Washington. In holding Article 82, V.A.P.C., and Article 711, V. A.C.C.P., unconstitutional, the Supreme Court based their decision on the Sixth Amendment right to have compulsory process for obtaining witnesses, thereby absorbing yet another specific guarantee of the Bill of Rights into the due process clause of the Fourteenth Amendment. The Court concluded that, like the right to the effective assistance of counsel, the right to compulsory process to enable an accused to present his defense is a fundamental element of due process of law.

In the relatively recent cases cited above in which the Supreme Court has declined to give retroactive application to some of their decisions, they acknowledged that they had given retroactive effect to other constitutional rules of criminal procedure where different guarantees were involved. The Court distinguished the retroactive cases of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, on the ground that they went to the fairness of the trial and the very integrity of the fact-finding process.

---

1. It would be understandable if this petitioner relied, in error, upon the order of the trial court transmitting the record to this Court. Such order does not, however, invoke the original jurisdiction of this Court.

2. The Supreme Court will look to three factors for determining retroactivity: (1) the purpose of the rule; (2) the reliance upon the old rule; (3) the effect a retroactive application of the rule will have on the administration of justice.

In Johnson v. State of New Jersey, supra, the Supreme Court said:

"In each instance we concluded that the retroactive application was justified because the rule affected 'the very integrity of the fact-finding process' and averted 'the clear danger of convicting the innocent.' Linkletter v. Walker, 381 U.S., at 639, 85 S.Ct. at 1743, 14 L.Ed.2d at 614; Tehan v. United States ex rel. Shott, 382 U.S., at 416, 86 S.Ct. at 465, 15 L.Ed.2d at 460."

Of course, not every rule aimed at avoiding unfairness at the trial by enhancing the reliability of the fact-finding process is entitled to retroactive application, Stovall v. Denno, supra, but we must keep in mind that "[t]he basic purpose of a trial is the determination of truth * * *." Tehan v. United States ex rel. Shott, supra, 382 U. S. at 416, 86 S.Ct. at 465, 15 L.Ed.2d at 460.

Observe then that in Washington the Supreme Court specifically said:

"The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury *so it may decide where the truth lies.* Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." (Emphasis supplied.)

There can be no question in my mind that the right of an accused to have compulsory process for obtaining a witness in his favor, as guaranteed by the Sixth Amendment, is so fundamental and essential to a fair trial that it stands on a par with those cases which have been given full retroactive application by the United States Supreme Court. For the reasons stated, I concur in the results reached in this cause, but must vigorously disagree with the position of the majority as to Washington's retroactivity.

MORRISON, J., joins in my conclusions.