Ex parte Joseph F. SELBY.

No. 42097.

Court of Criminal Appeals of Texas.

June 25, 1969.

Kermit Waters, Carson City, Nev., Sam R. Wilson, Houston, for appellant.

Carol Vance, Dist. Atty., Sam Robertson, Asst. Dist. Atty., Houston, Crawford C. Martin, Atty. Gen., Nola White, Hawthorne Phillips, W. V. Geppert, Robert C. Flowers, and Douglas Chilton, Asst. Attys. Gen., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and in accordance with Ex parte Young, Tex.Cr. App., 418 S.W.2d 824. Joseph Selby, the petitioner, was convicted as an accomplice to the murder of his wife in the 147th District Court of Travis County in 1960 with the Honorable Mace Thurman, Jr., presiding.

The application for habeas corpus was filed in the convicting court. Upon the motion of both parties, the matter was transferred and a hearing was held in the 177th District Court of Harris County. Judge Thurman, after an administrative assignment, conducted the hearing on the 21st day of January, 1969, and made findings of fact and conclusions of law.

Judge Thurman found, among other things, that Selby was represented by two most able attorneys, John Cahoon and Joe Moss, both of whom had extensive experience in criminal cases; that they were to be commended for the manner in which they conducted the defense for petitioner. Mr. Cahoon testified that the right to appeal was explained to petitioner on three separate occasions by his counsel, and it was his desire not to appeal.

The first ground for relief in the application for a writ of habeas corpus complains that a confession of Clarence (Sack) Collins, who was alleged in the indictment to be a principal, was introduced against Selby. Judge Thurman found and the record shows that the confession of Clarence Collins was neither offered nor admitted into evidence.

It is contended that petitioner is entitled to release, because at the trial he was denied a prior statement of Patra Mae Bounds, a witness who testified against him.

When he elected not to appeal he waived the right to raise the issue and it cannot be presented in a collateral attack.

Petitioner contends that he was denied his constitutional right to call Maggie Morgan,[1] who had been charged as a principal to the murder, as a witness in his behalf. He relies upon Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), which, in effect, held unconstitutional Article 711, V.A.C.C.P., and Article 82, V.A.P.C.[2] These statutes provided that persons charged as principals, accomplices and accessories could not be introduced as witnesses for one another.

When Maggie Morgan was called as a witness, an objection by the State was sustained. No attempt was made to show that Maggie Morgan would have testified, and if so, what her testimony would have been.

1. See Morgan v. State, 171 Tex.Cr.R. 187, 346 S.W.2d 116 (1961).

2. Both of these Articles were in effect at the time of the trial, and both have since been repealed; Article 711, C.C.P., in the 1965 Code of Criminal Procedure, and Article 82, P.C., in 1967.

This Court had before it a similar situation in Ex parte Thomas, 429 S.W.2d 151 (1968). Thomas did not testify or offer any affirmative defense. Selby, in the present case, did not testify nor offer an affirmative defense.

In Washington, supra, it was undisputed that Fuller, a principal, would have testified that Washington pulled at Fuller and tried to persuade him to leave and that Washington ran, and it was Fuller, and not Washington, who fired the fatal shot.

In Thomas, supra, there was an allegation that the testimony of the witness would have been relevant and material to the defense. Presiding Judge Woodley, speaking for the Court, stated: "These allegations are but conclusions. Absent are any fact allegations as to what the witness would have testified had he waived his rights and testified as a defense witness, or facts showing how appellant was prejudiced by the ruling of the trial judge at his trial."

In Ex parte Zerschausky, Tex.Cr.App., 417 S.W.2d 279, the prosecuting attorney would not waive the then statutory right to object to the testimony of witnesses charged as accessories. Zerschausky was denied relief by the majority opinion which held that in the absence of any ruling by the trial court denying the right to call witnesses under indictment as accessories there was no denial of due process. The dissenting opinion also concluded, as in Thomas, supra:

"* * * There must be a showing that the testimony of the witnesses who would have testified in their behalf is of such nature that it could have affected the outcome of the trial."

Relief was denied Zerschausky in the Federal Courts.[3]

■ Petitioner contends that during its deliberations the jury heard that Maggie Morgan had been convicted and had been assessed the penalty of death. He complains that he was not permitted to amend the application for habeas corpus to show this as jury misconduct. A motion for new trial based upon jury misconduct must be filed within ten days after the verdict of the jury (but for good cause shown the time for filing may be extended). Article 40.05, V.A.C.C.P.,[4] (former Article 755, V.A.C.C.P.).

The matter cannot be raised on appeal where a motion for new trial was not filed within ten days after the verdict. A fortiori, it cannot be raised years later in a collateral attack on the judgment.

■ Petitioner claims that the confession was involuntary. The record during the trial and at the habeas corpus hearing shows that no objection was made when the confession was offered into evidence. The record shows it was a matter of trial strategy not to object to the confession when it was offered during the trial in 1960. Both of his attorneys testified that no objection was made to the confession, because counsel thought it was to the best interest of petitioner not to object.[5]

Ex parte Bertsch, 395 S.W.2d 620, held that the Court of Criminal Appeals was

---

3. Zerschausky v. Beto, D.C., 274 F.Supp. 231; and Zerschausky v. Beto, 396 F.2d 356 (5th Cir. 1968), cert. denied 393 U.S. 1004, 89 S.Ct. 493, 21 L.Ed.2d 468.

4. See Rendow v. State, Tex.Cr.App., 397 S.W.2d 430, and Isaacs v. State, Tex.Cr. App., 391 S.W.2d 421.

5. Concerning the objection, Mr. Moss testified:

"Q. (By Mr. Robertson, Assistant District Attorney) And it was a matter of trial strategy, you thinking this being the best tactic?

"A. Yes.
"* * *
"Q. Actually, really what you are getting down to, Joe, is that when I speak about 'Mr. Moss, a matter of trial strategy,' you calculated in your legal mind that the very best thing for you to do was follow the procedure you followed and try to beat the State at the game, isn't that true?
"A. And did."

not required to pass upon the voluntariness of the confession when no objection to it was made and no evidence was offered as to coercion and no issue on voluntariness was created.[6]  See 5 Tex.Jur.2d 67, Appeal and Error, Sec. 40.

■ If the matter could be considered, no error or ground for relief is shown. The facts do not support the assertion that the confession was taken involuntarily by physical abuse.  Judge Thurman found that the confession was freely and voluntarily given.  Selby's brother-in-law testified at the habeas corpus hearing that he had talked to Selby right after he made the confession and, "I asked him if they (the officers) had treated him ok and he said they have."  Selby testified at the hearing to determine whether he was able to pay for the record, but he did not testify or offer to testify at the habeas corpus hearing for the limited purpose on the issue of voluntariness of the confession.[7]

■ Complaint is made that he should have had a jury trial at the habeas corpus hearing.  There is no right to trial by jury in habeas corpus proceedings.  Ex parte Gordon, 118 Tex.Cr.R. 150, 37 S.W.2d 1023.  See Carroll, Right to Trial by Jury—Exceptions, 7 Tex.L.Rev. 663 (1929).

■ Petitioner contends that since the conviction of the principal Clarence Collins was set aside, his conviction as an accomplice cannot stand.  This contention is overruled.  Article 80, V.A.P.C., provides that an accomplice may be tried before the principal, and the acquittal of the principal does not bar the prosecution of the accomplice.

The relief prayed for is denied.

WOODLEY, P. J., not participating.

6.  Relief was denied by the Fifth Circuit Court of Appeals, Bertsch v. Beto, 376 F.2d 855 (1967).  Certiorari was denied by the Supreme Court of the United States, 390 U.S. 909, 88 S.Ct. 832, 19 L.Ed.2d 877 (1968).

7.  Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, relied upon

by petitioner, is not retroactive to trials beginning before June 13, 1966.  (Even if a new trial were ordered, little solace could be realized from Miranda because the standards it announced do not apply to a retrial held after June 13, 1966, of a defendant initially tried before _that date.  Jenkins v. Delaware, 395 U.S. 213, 89 S.Ct. 1677, 23 L.Ed.2d 253.)