**Ex parte David A. SMITH.**

**No. 42063.**

Court of Criminal Appeals of Texas.
June 25, 1969.

Randell C. Riley, Fort Worth, for petitioner.

Frank Coffey, Dist. Atty., Truman Power and John Howze, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The controlling question presented is whether Washington v. Texas, 388 U.S. 14,

87 S.Ct. 1920, 18 L.Ed.2d 1019, decided June 12, 1967, has retroactive application.

The findings of fact and conclusions of law made by the district judge of the convicting court, holding that Washington does not have retroactive application to petitioner's 1962 conviction, are supported by the decision of this Court in Ex parte Thomas, 429 S.W.2d 151; Ex parte Zerschausky, 417 S.W.2d 279; and by opinion of Chief Judge Spears in Zerschausky v. Beto, D.C., 274 F.Supp. 231; Zerschausky v. Beto, 396 F.2d 356 (5th Cir.) cert. denied, 393 U.S. 1004, 89 S.Ct. 493, 21 L.Ed. 2d 468; and Bouchillon v. Beto, U.S.D.C., Tex.1969, 300 F.Supp. 681.

Upon a review and consideration of the record, the relief sought by the petitioner is denied on the findings and conclusions of the district judge.

It is so ordered.

MORRISON, Judge (concurring).

Academically my brother ONION is sound, in my opinion, but since we today decided Ex parte Selby, 442 S.W.2d 706, (this day decided), and refused to grant the relief because there was no showing as to what the witness Maggie Morgan would have testified, if at all, had she been permitted to testify, I cannot agree with his conclusion that a remand is called for. Both this case and Ex parte Selby, supra, were collateral attacks upon cases which had not been brought to this Court on appeal.

From this record, I conclude that petitioner has not exercised sufficient diligence in securing affidavits from the witnesses named showing what their testimony would be if they had been present at the trial court's hearing.

ONION, Judge (dissenting).

If, as the majority states, the controlling question presented is whether Washington v. Texas, 385 U.S. 812, 87 S.Ct. 123, 17 L. Ed.2d 54, has retroactive application, then I must dissent on the grounds set forth in my opinion, concurring in part and dissent-

ing in part, in Ex parte Thomas, Tex.Cr. App., 429 S.W.2d 151, where I concluded that Washington must be given retroactive application. My conclusion has since been fortified by the decisions of the United States Supreme Court, among others, in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, footnote 22; McConnell v. Rhay and Stiltner v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2, holding Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, retroactive; Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, holding Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476, retroactive; Berger v. California, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508, holding Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255, retroactive; Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5, holding White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L. Ed.2d 193 retroactive.

In each instance where the United States Supreme Court has concluded that the retroactive application was justified, it was because the rule involved "the very integrity of the fact-finding process" and averted "the clear danger of convicting the innocent." Linkletter v. Walker, 381 U.S. 618 at 639, 85 S.Ct. 1731 at 1743, 14 L.Ed.2d 601 at 614. See also Tehan v. United States ex rel. Shott, 382 U.S. 406, 416, 86 S.Ct. 459 at 465, 15 L.Ed.2d 453 at 460; Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

While not every rule aimed at avoiding unfairness at the trial by enhancing the reliability of the fact-finding process is entitled to retroactive application, Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L. Ed.2d 1199, it should be borne in mind that "[t]he basic purpose of a trial is the determination of the truth * * *" Tehan v. United States ex rel. Shott, supra, 382 U.S. at 416, 86 S.Ct. at 465, 15 L.Ed.2d at 460.

Observe then that in Washington the Supreme Court specifically said:

"The right to offer the testimony of witnesses, and to compel their attend-

ance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury *so it may decide where the truth lies.* Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." (Emphasis supplied.)

Let us briefly examine the cases cited by the majority as supporting the trial judge's conclusion that Washington *does not* have retroactive application to petitioner's 1962 conviction.

In Ex parte Thomas, supra, the majority, while ignoring the criteria established by the United States Supreme Court in numerous decisions for determining whether a decision should be given retroactive application,[1] held that Washington was not to be given "complete retroactivity," observing, however, that this Court had retroactively applied Washington to a case pending on appeal at the time of the Washington decision. See Overton v. State, Tex.Cr.App., 419 S.W.2d 371.

At the time of the opinions on original submission in Ex parte Zerschausky, Tex. Cr.App., 417 S.W.2d 279, Washington had not been decided. On rehearing the only mention of retroactivity is found in the dissenting opinion concluding that Washington should be given retroactive application.

In Zerschausky v. Beto, D.C., 274 F. Supp. 231, and Zerschausky v. Beto, 396 F.2d 356 (5th Cir.), cert. den. 393 U.S. 1004, 89 S.Ct. 493, 21 L.Ed.2d 468, the Courts concluded that the facts in the case "sufficiently withdrew it from the reaches

of Washington" because the petitioner-appellant had failed to call the accessories to the stand. The question of the retroactivity of the Washington decision was therefore not even discussed by the 5th Circuit Court of Appeals.[2]

It remains a mystery to this writer then as to how the cases cited by the majority can possibly support the trial judge's finding.

To further add to to the confusion, this Court only this month unanimously reversed the conviction in Cruz v. State, 441 S.W.2d 542, applying Washington fully retroactively to an out of time appeal citing Overton v. State, supra. Cruz's conviction in 1961, long prior to the Washington decision and prior to this petitioner's conviction, had originally been affirmed by this Court in 17 Tex.Cr.R. 478, 351 S.W.2d 226.

It is observed further that even prior to the Washington decision the Fifth Circuit Court of Appeals gave retroactive application to their decision in Bonner v. Beto, 373 F.2d 301, which involved the same statutes as in Washington where the conviction (affirmed by this Court in 1964, 375 S.W.2d 723) was collaterally attacked by writ of habeas corpus.

If the majority is going to conclude that Washington is not to be applied retroactively or not to be applied completely retroactively, then I think it incumbent upon them for the benefit of the bench and bar to discuss their reasons therefor, using the criteria established by the United States Supreme Court which was reiterated again only recently in Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248.

The trial judge refused a full evidentiary hearing apparently on the ground that even

---

1. The United States Supreme Court will look to three factors in determining retroactivity: (1) the purpose of the rule, (2) the reliance upon the old rule, (3) the effect a retroactive application of the rule will have on the administration of justice.

2. Chief Judge Spears in 274 F.Supp. 231, questioned whether Washington was retroactive, but it was not essential to his decision. See Footnote 7, page 233.

if the petitioner was able to show that the facts surrounding his 1962 conviction were within the reaches of Washington, such decision was not to be given retroactive application. I would remand to the trial court for a full and fair evidentiary hearing to determine first whether the facts in petitioner's case come within the reaches of Washington.

Unlike Ex parte Selby, 442 S.W.2d 706, this day decided, the petitioner was not present at the so-called evidentiary hearing, and his counsel was not allowed to call witnesses, though the court did allow the offer of the affidavit of one witness and certain excerpts from the trial record in support of the sworn allegations of the petitioner.

Until today, I was unaware of any requirement, as suggested by Judge Morrison, that a petitioner confined in the Texas Department of Corrections must, in order to show sufficient diligence, secure affidavits from all witnesses he proposes to call before he is entitled to an evidentiary hearing under the provisions of Article 11.07, Vernon's Ann.C.C.P.

Respectfully but regretfully, I simply must dissent.