**Ex parte Odis Odell PENNINGTON.**

No. 44652.

Court of Criminal Appeals of Texas.

Oct. 13, 1971.

See also, Tex.Cr.App., 433 S.W.2d 701.

Odis Odell Pennington, Pro Se, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P., 1967. See Ex parte Young, Tex.Cr.App., 418 S.W.2d 824 (1967).

The petitioner is currently serving a 30 year conviction for robbery out of the 36th District Court of San Patricio County which was affirmed by this court in Pennington v. State, 364 S.W.2d 376 (1962).[1]

1. Prior to such conviction the case was on appeal three times from Nueces County and was reversed each time. A change of venue to San Patricio County then followed. In 169 Tex.Cr.R. 183, 332 S.W.2d 569 (1960), the case was reversed due to the disqualification of the trial judge. In 171 Tex.Cr.R. 130, 345 S.W.2d 527 (1961), the formal bill of exception was not acted upon by the trial judge within

By his habeas corpus petition the petitioner squarely presents the question of the retroactivity of Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (June 12, 1967) as applied to the circumstances of his case. In Washington the Supreme Court of the United States held that the Sixth Amendment right to have compulsory process for obtaining witnesses was applicable to the states through the Fourteenth Amendment and that the Texas statutes then in effect (Article 82, Vernon's Ann.P.C. and Article 711, V.A.C.C.P.) providing that principals, accomplices or accessories in the same crime cannot be introduced as witnesses for each other were unconstitutional and denied Washington the right to place on the witness stand the co-defendant Fuller who was physically and mentally capable of testifying to events that he had personally observed and whose testimony would have been relevant and material to the defense.

At the time of petitioner's 1962 trial in San Patricio County he sought to have his co-principal George Huffman testify in his behalf. When the court refused to permit Huffman to testify on the basis of Articles 82 and 711, supra, the petitioner perfected his informal bill of exception by showing Huffman would testify that at the time of the alleged robbery the petitioner Pennington, who had been drinking, was asleep or "passed out drunk" in the car and did not know anything about the alleged offense. The petitioner also preserved the error by a formal bill of exception approved by the trial court.

On appeal, 364 S.W.2d 376, 379, this court wrote:

"Bill No. Two presents appellant's complaint to the court's refusal to permit his co-principal, George Huffman, to testify upon being called as a witness by him. The bill certifies that the co-prin-

the time required by law and thus was considered approved by the court. The bill certified reversible error in the jury argument. Reversal followed. In **172**

cipal had been tried, convicted, and was then serving a twenty-five year term for the same offense for which appellant was on trial. The co-principal, having been tried and convicted for the same offense, was incompetent to testify as a witness in appellant's behalf. Article 711, V.A.C.C.P.; Sommers v. State, 165 Tex. Cr.R. 575, 310 S.W.2d 106. No error is presented by the bill."

Petitioner first presented his habeas corpus petition to the convicting court. That court, without an evidentiary hearing, found that petitioner had called Huffman as a witness in his behalf at the trial but concluded "that petitioner upon his trial on June 11, 1962, was by this court accorded every right to which he was entitled under State and Federal laws then in effect" and denied relief.

In Ex parte Pennington, 433 S.W.2d 701 (1968), this court decided that since the trial court had conducted no evidentiary hearing which required that court to transmit the record to this court and since there was no petition, brief or request from petitioner before this court seeking relief, the petition denied by the District Judge was not before the court. See Ex parte Thomas, Tex.Cr.App., 429 S.W.2d 151 (1968).

Apparently thereafter some confusion existed on the part of the uncounseled inmate petitioner as to what procedure to follow. We have concluded that his pro se pleadings now before the court are sufficient to require a review of the trial court's action and that an evidentiary hearing is not required in light of the appellate record before this court. We shall proceed to determine the question presented. It does not appear that the question of the retroactivity of Washington has been presented to this court as presently constituted.

Tex.Cr.R. 40, 353 S.W.2d 451 (1962), the error calling for reversal was also the prosecutor's jury argument.

In the past the judges of this court have not always agreed on the retroactivity of Washington, nor do the opinions appear to be entirely consistent. See Ex parte Zerschausky, Tex.Cr.App., 417 S.W.2d 279 (1967); Overton v. State, Tex.Cr.App., 419 S.W.2d 371 (1967); Ex parte Thomas, Tex.Cr.App., 429 S.W.2d 151 (1968); Cruz v. State, Tex.Cr.App., 441 S.W.2d 542 (1969); Ex parte Selby, Tex.Cr.App., 442 S.W.2d 706 (1969); Ex parte Smith, Tex.Cr.App., 442 S.W.2d 709 (1969).

In Ex parte Zerschausky, supra, it was developed at the evidentiary hearing that at petitioner's trial his counsel had called the district attorney to the stand in an attempt to get a waiver of the prosecutor's objection to the indicted accessories testifying for the defense despite the provisions of Articles 82 and 711, supra. When the district attorney refused, no attempt was made to place the accessories on the witness stand. It was claimed that had the accessories, who were eye witnesses, been permitted to testify, they would have supported the petitioner's claim of self-defense.

At the time of the opinions on original submission in such case, Washington had not yet been decided by the Supreme Court. On rehearing the majority decided that Washington was not inconsistent with its holding on original submission that the trial judge did nothing to deny Zerschausky the right "to put his witnesses on the stand" or "the 'right to compel their attendance in court.'" 417 S.W.2d at 284. The only mention of retroactivity is found in the dissenting opinion on rehearing which concluded Washington should be given retroactive application. 417 S.W.2d at 285.

In Zerschausky v. Beto, 396 F.2d 356 (5th Cir.), cert. denied, 393 U.S. 1004, 89 S.Ct. 493, 21 L.Ed.2d 468 (1968), the Fifth Circuit Court of Appeals in reviewing the decision of the federal district court, 274

F.Supp. 231 (W.D.Tex., 1967), concluded that "The facts in this case sufficiently withdraw it from the reaches of Washington. The district court correctly found that the appellant's failure to call the accessories to the stand was the result of a voluntary and conscious decision in trial strategy, not a mere docile obedience to a Texas statute." 396 F.2d at 359.

The question of retroactivity was not reached, the Court stating in footnote # 4:

"We find unnecessary a determination as to whether the Washington decision is retroactive. We note that the Texas statutes which were struck down in Washington have been repealed by the Texas Legislature." 396 F.2d at 358.[2]

Bouchillon v. Beto, 300 F.Supp. 681 (N.D.Texas, 1969), was to the same effect concluding that the retroactive question need not be reached since "the failure of the co-defendants to testify in this case was due, not to the Texas statutes held unconstitutional in Washington, but to a voluntary decision of the defense" who made no request for their testimony or raised any issue on appeal. Zerschausky v. Beto, supra, was cited in support of such conclusion.

It is clear then that the Zerschausky line of cases did not determine the retroactivity of Washington.

In Overton v. State, Tex.Cr.App., 419 S.W.2d 371 (1967), this court did apply Washington retroactively to a case pending on appeal at the time of that decision although the question of retroactivity is not even mentioned in the opinion.

The importance of Overton is that this court recognized that Washington was to be applied retroactively although the extent thereof was not determined.

In Ex parte Thomas, Tex.Cr.App., 429 S.W.2d 151 (1968), the trial judge deter-

---

2. Chief Judge Spears in the court below questioned whether Washington was retroactive, but it was not essential to his decision. 274 F.Supp. at 233, footnote #7.

mined, without an evidentiary hearing, that Thomas' post-conviction habeas corpus petition failed to present any issue of fact on the question of whether he was illegally restrained in light of Washington which was neither applicable nor controlling.

The majority concluded that in absence of petition, brief or request to this court seeking relief from finding of the trial court, nothing was presented for review. The majority further noted the allegations of the habeas petition were only conclusions, there being no fact allegations as to what the witness would have testified or how Thomas was prejudiced by the trial court's ruling at the time of trial. Observing that Washington had been applied retroactively in Overton to a case on appeal at the time of the Washington decision, the majority stated it was unaware of any decision holding that Washington was to be given "complete retroactivity." 429 S.W.2d at 152.

The opinion in Ex parte Thomas by this writer, 429 S.W.2d at 153 (concurring in part and dissenting in part) concluded that if the retroactivity question was to be decided in that case, it would have to be given full retroactive application if the criteria established by the United States Supreme Court were to be used.

The discussion of retroactivity was entirely unnecessary to the proper disposition of Ex parte Thomas, supra. The opinion, however, demonstrated a division of the court not on the question of retroactivity of Washington but the extent thereof, with the majority indicating it would prefer to await a case granting Washington "complete retroactivity." In light of footnote # 4 of the Washington opinion, 388 U.S. at 16, 86 S.Ct. at 1922, 18 L.Ed.2d 1019, it would appear that the case would have to be a Texas case since Texas appeared to be the last jurisdiction to retain such statutes.

Then along came Cruz v. State, Tex.Cr. App., 441 S.W.2d 542 (1969), which dealt with an out of time appeal. His 1961 conviction was affirmed in 172 Tex.Cr.R. 1,

351 S.W.2d 226 (1961), cert. denied, 370 U.S. 953, 82 S.Ct. 1602, 8 L.Ed.2d 818 (1962). His 1969 out of time appeal resulted from lack of counsel on the original appeal. Cruz v. Beto, 391 F.2d 235 (5th Cir., 1968). On this second appeal Cruz raised the question of the trial court's refusal on the basis of Articles 82 and 711, supra, to subpoena and bench warrant the co-defendant Lopez, who had already been convicted, from the Department of Corrections. There was no showing as to what Lopez would testify, only a mention that Cruz had an affidavit from him. Applying Washington and citing Overton, the cause was reversed, giving Cruz who had been convicted some five or six years before Washington the benefit of that decision on his out of time appeal.

Ex parte Selby, Tex.Cr.App., 442 S.W.2d 706 (1969), involved a collateral attack where the court refused to apply Washington to a pre-Washington conviction where no appeal had been taken, noting that although the co-defendant Morgan was called as a witness no attempt was made after the State's objection to show what she would have testified and if so, what her testimony would have been. Relying upon the majority opinions in Ex parte Thomas and Ex parte Zerschausky, the opinion, in effect, concluded that in absence of a showing of what the witness would have testified, the case was beyond the reaches of Washington. It would appear that a determination of the extent of Washington's retroactivity was not necessary to the proper disposition of the Selby case.

In Ex parte Smith, Tex.Cr.App., 442 S.W.2d 709 (1969), a post-conviction collateral attack case, the trial court refused a full evidentiary hearing apparently on the ground that even if Smith was able to show the facts surrounding his 1962 conviction were within the reaches of Washington, such decision was not to be given retroactive application. The majority opinion decided that the trial court's findings that Washington did not have retroactive application to Smith's 1962 conviction were

supported by the line of Zerschausky cases, supra.

The majority opinion in the Zerschausky line of cases did not reach the retroactivity question since it was concluded the facts developed did not bring the case within the confines of the Washington decision. And interestingly enough, the Smith majority opinion was written by the judge who had applied Washington retroactively in Overton and to the out of time appeal in Cruz where the original conviction occurred in 1961. Cruz and Overton were not mentioned. This writer dissented. 442 S.W.2d at 710. Smith unfortunately left the impression that Washington had no retroactive application, casting shadows of doubt on the holdings of Cruz and Overton. There was no suggested distinction between cases on direct review and those arising on collateral attack.

In the instant case the petitioner Pennington cannot be denied relief on the basis of the Zerschausky line of cases or Ex parte Selby. Like Washington, he called his co-defendant to the stand and obtained a negative ruling from the trial court on the basis of the statutes involved. Unlike Selby, he then proceeded to perfect his bill of exception, demonstrating that the witness was physically and mentally capable of testifying to events he had personally observed and that the testimony was relevant and material to the defense. He pursued the matter on direct appeal. The failure of the co-defendant to testify was certainly not due to any deliberate by-pass by the petitioner as a part of his trial strategy and the present attempt to raise the constitutional issue cannot be classified "as an afterthought." See Zerschausky v. Beto, 274 F.Supp. at 234.

If he is to be denied relief, it must be on the basis that Washington should not be applied retroactively.

The United States Supreme Court has accepted the principle that today in criminal law litigation concerning constitutional claims the court may in the interest of justice make the rule prospective where the exigencies of the situation require such an application. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). In effect, the court held "that there is no inflexible constitutional rule requiring in all circumstances either absolute retroactivity or complete prospectivity for decisions construing the broad language of the Bill of Rights." Williams v. United States, 401 U.S. 646, 651, 91 S.Ct. 1148, 1151, 28 L.Ed.2d 388 (1971).

■ A ruling that is purely prospective does not even apply to the parties before the court. Linkletter v. Walker, supra. Washington, whose case was on direct appeal, obtained the benefit of the ruling in his case. See also Bonner v. Beto, 373 F.2d 301 (5th Cir., 1967) (pre-Washington case). Nothing in Washington indicated he was being given the benefit of such ruling as "an unavoidable consequence of the necessity that constitutional adjudications not stand as mere dictum." Stovall v. Denno, supra, 388 U.S. at 301, 87 S.Ct. at 1972.

And this court in Overton gave retroactive application of Washington to a case pending on appeal at the time of such decision and still later applied it in Cruz, an out of time appeal, where the original conviction occurred in 1961, long prior to Washington and in the year before this petitioner's conviction.

It would seem that if petitioner's case was here on direct appeal or if he had been able to obtain the benefit of an out of time appeal, he could easily claim benefit of the Washington decision by virtue of Overton and Cruz. He is here, however, on collateral attack. Does this make a difference? While it may well be argued that the majority of this court attempted to so hold sub silentio in Overton and Cruz,

it is noted that only last term the Supreme Court in Williams v. United States, supra, 91 S.Ct. at 1151–1152, discussing retroactivity said: "Nor have we accepted as a dividing line the suggested distinction between cases on direct review and those arising on collateral attack." The reason for such rule is well illustrated by the hypothetical fact situation set forth in footnote # 9 of such opinion. 91 S.Ct. at 1155.

And in the same opinion the Court stated:

"Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial which substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect. Neither good-faith reliance by state or federal authorities on prior constitutional law or accepted practice, nor severe impact on the administration of justice has sufficed to require prospective application in these circumstances." 91 S.Ct. at 1152.

This approach by the Supreme Court was noted by this writer in Ex parte Thomas and Ex parte Smith. The Supreme Court in those cases where they have declined to give retroactive application to some of their decisions has readily acknowledged that they had given retroactive effect to other constitutional rules of criminal procedure where different guarantees were involved on the ground they went to the fairness of the trial and the very integrity of the fact-finding process. See, e. g., Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (right to appointed counsel in felony cases for indigents); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (right to appointed counsel on indigent's first appeal); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (procedure for determining voluntariness

of confession); Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (procedure for selecting jurors in cases where death penalty sought); Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (giving retroactive effect to right to counsel provided in White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193); McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (giving retroactive effect to the right to counsel provided in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336); Berger v. California, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508 (giving retroactive effect to Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255); Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (giving retroactive effect to Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476).

In Johnson v. New Jersey, supra, 384 U.S. at 727–728, 86 S.Ct. at 1778, the Court wrote:

"In each instance we concluded that the retroactive application was justified because the rule affected 'the very integrity of the fact-finding process' and averted 'the clear danger of convicting the innocent.' Linkletter v. Walker, 381 U.S. at 639, 85 S.Ct. at 1743, 14 L.Ed.2d at 614; Tehan v. United States ex rel. Shott, 382 U.S. at 416, 86 S.Ct. at 465, 15 L.Ed.2d at 460."

■ Of course, not every rule aimed at avoiding unfairness at the trial by enhancing the reliability of the fact-finding process is entitled to retroactive application, Stovall v. Denno, supra, but we must keep in mind that "[t]he basic purpose of a trial is the determination of truth * * *." Tehan v. United States ex rel. Shott, supra, 382 U.S. at 416, 86 S.Ct. at 465.

Observe then that in Washington the Supreme Court specifically said:

"The right to offer the testimony of witnesses, and to compel their attendance,

if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury *so it may decide where the truth lies*. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. *This right is a fundamental element of due process of law.*" (Emphasis supplied) 388 U.S. at 19, 87 S.Ct. at 1923, 18 L.Ed.2d 1019.

We cannot reach any other satisfactory conclusion except that the right of an accused to have compulsory process for obtaining a witness in his favor as guaranteed by the Sixth Amendment, which includes the right to use a physically and mentally capable witness whose testimony is material and relevant to the defense, is so fundamental and essential to a fair trial that it stands on a par with those cases which have been given full retroactive application by the United States Supreme Court.

In light of the fact that the petitioner was deprived of such testimony, we cannot conclude that the constitutional error was harmless under the doctrine of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

For the reasons stated, the relief prayed for is granted, the judgment of conviction is set aside and the petitioner ordered remanded to the custody of the Sheriff of San Patricio County to answer the robbery indictment in the 36th District Court. See Ex parte Gregg, Tex.Cr.App., 427 S.W.2d 66 (1968); Ex parte Cross, Tex.Cr.App., 427 S.W.2d 64 (1968).

It is so ordered.

DOUGLAS, J., not participating.