Ex parte Glenn David KIRK.

No. 45116.

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied April 26, 1972.

**504**

Melvyn Carson Bruder, Dallas, for petitioner.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is a post-conviction habeas corpus proceeding authorized by Article 11.07, Vernon's Ann.C.C.P. See Ex Parte Young, 418 S.W.2d 824 (Tex.Cr.App. 1967).

Glenn David Kirk, the petitioner, was convicted for the offense of robbery in the Criminal District Court No. 1 of Dallas County and sentenced to fifty years imprisonment in 1961. That conviction was affirmed by this court in Kirk v. State, 172 Tex.Cr.R. 550, 360 S.W.2d 150 (1962).

The application for habeas corpus now before us was filed in the 195th District Court of Dallas County and a hearing was held.

Petitioner's writ of habeas corpus was denied without written order on September 16, 1971. The application has been resubmitted for consideration in view of the decision in Ex Parte Pennington, 471 S.W. 2d 578 (Tex.Cr.App.1971), which gave full retroactive application to the holding of Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

Petitioner urges that he was denied the right to call coprincipal Leo Luton as a witness on the basis of Article 82, Vernon's Ann.P.C. and 711, V.A.C.C.P., held to be unconstitutional in *Washington*.[1] At Petitioner's writ hearing he alleged that if Leo Luton had been called as a witness he would have testified that he, Luton, and a second person, not the petitioner, committed the robbery for which the petitioner was convicted.

In the "Findings of Fact and Conclusions of Law" filed following the writ hearing in the 195th District Court, petitioner's allegation that he was deprived of the testimony of a witness who was a coprincipal of the offense for which petitioner was tried was declared to be without merit both in fact and law for the following reasons:

"1) The Court finds that nowhere in the transcript of Cause No. D–38–IH wherein Petitioner was convicted did the Petitioner ever attempt to call Leo Luton to the witness stand as a witness in Petitioner's defense.

"2) The Court finds that at no time during Petitioner's above-mentioned trial did the Petitioner ever request an attachment to have Leo Luton brought to the Courtroom to testify in Petitioner's behalf.

"3) The Court finds that the record of the above-mentioned trial does not contain an affidavit by Leo Luton which states that he would testify in behalf of the Petitioner at the time of Petitioner's trial.

"4) The Court finds that the record of the above-mentioned trial does not contain an affidavit by Leo Luton which

---

1. Luton was indicted for this offense but never tried for it. He was executed by the State at Huntsville February 20, 1963, under a sentence imposed subsequent to a conviction for another offense.

states what he would have testified to had he testified as a witness at Petitioner's trial.

"5) The Court finds that the alleged testimony of Leo Luton supposedly in favor of the Petitioner was not newly discovered evidence because the Petitioner knew of this alleged testimony of Leo Luton prior to the day of his trial.

"6) The Court finds that the Petitioner did not raise his contention of the denial of a coprincipal witness's testimony in his behalf on Petitioner's two motions for new trial.

"7) The Court finds that nowhere in the trial record of Petitioner's trial did the trial court ever make a ruling which denied Petitioner the right to call as a defense witness, Leo Luton, a coprincipal of the offense for which Petitioner was on trial.

"8) The Court finds that nowhere in the trial record of Petitioner's trial did the State ever impose any objection to the Petitioner calling as a witness in his behalf, Leo Luton, a coprincipal of the same crime for which Petitioner was tried.

"9) That at no time, neither during or after the trial, did the Petitioner ever ask Leo Luton the name or identity of the alleged second robber, if in fact the alleged second robber was someone other than the Petitioner.

"10) The Court finds that the Petitioner did not raise his contention of denial of a coprincipal witness's testimony in his behalf on his direct appeal of his

conviction. Kirk v. State, 360 S.W.2d 150.

"11) The Court finds that even after Petitioner's conviction was affirmed by the Court of Criminal Appeals on June 13, 1962, in Kirk v. State, 360 S.W.2d 150, the Petitioner never asked Leo Luton before Luton's death by legal execution on February 20, 1963, the name or identity of the alleged second robber, if in fact the alleged second robber was someone other than the Petitioner."

Appellant's reliance upon *Pennington* is misplaced. In *Pennington*, this court expressly distinguished Ex Parte Selby, 442 S.W.2d 706 (Tex.Cr.App.1969) and the "Zerschausky line of cases," [2] noting that Pennington had "called his co-defendant to the stand and obtained a negative ruling from the trial court on the basis of the statutes involved. . . . [H]e then proceeded to perfect his bill of exception, demonstrating that the witness was physically and mentally capable of testifying to events he had personally observed and that the testimony was relevant and material to the defense. He pursued the matter on direct appeal. The failure of the codefendant to testify was certainly not due to any deliberate by-pass by the petitioner as a part of his trial strategy and the present attempt to raise a constitutional issue cannot be classified 'as an afterthought.'" 471 S.W.2d at 582. As it was stated by the Fifth Circuit Court of Appeals in *Zerschausky*, "the facts in this case sufficiently withdraw it from the reaches of *Washington*." 396 F.2d at 359. See also Ex Parte Selby, *supra*.

The relief prayed for is denied.

Opinion approved by the court.

2. Ex Parte Zerschausky, 417 S.W.2d 279 (Tex.Cr.App.1967); Zerschausky v. Beto, 274 F.Supp. 231 (W.D.Tex.1967);

Zerschausky v. Beto, 396 F.2d 356 (5th Cir. 1968), cert. den. 393 U.S. 1004, 89 S.Ct. 493, 21 L.Ed.2d 468 (1968).