**Ex parte James Arthur COLUMBUS.**

**No. 46396.**

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

James E. Maggard, Jr., Rosharon, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is a post conviction habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P.

The petitioner is currently serving a life sentence resulting from a conviction for burglary with intent to commit theft which was enhanced under the provisions of Article 63, Vernon's Ann.P.C., out of the 72nd District Court of Lubbock County which was affirmed by this Court in Columbus v. State, 409 S.W.2d 400 (1966).

The petitioner alleges that he was denied his right to call witnesses in his behalf when the trial court refused to allow his co-indictee, James Turner, to testify in his behalf. Petitioner argues that the rule as announced in Washington v. State of Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, and by this Court in Ex parte Pennington, 471 S.W.2d 578, entitles him to relief.

The trial court, no doubt, relied upon Articles 82, V.A.P.C., and 711, V.A.C.C.P., in effect in 1965 at the time of the trial which provided Turner was incompetent and refused to let him testify.

At the conclusion of the hearing on habeas corpus, Judge Moore in her findings of fact and conclusions of law found that petitioner was denied the right to call the witness in his behalf and that the testimony of the witness would have been relevant and material.

Counsel for the petitioner at the time of the trial answered written interrogatories which were made a part of the record. They reflect that he had a subpoena issued for Turner, but the court refused to let him perfect a bill of exception out of the presence of the jury to show what the testimony would have been. Counsel further related

that he informed the court what the testimony would have been.

The testimony that Turner would have given according to the record, and which was utilized by the hearing judge in her findings, was that the petitioner and Turner went with a friend to clean the building in question. The friend told them he had been hired to clean the building and he opened the door with a key for them to enter.

We hold the hearing court had sufficient evidence to conclude the Sixth Amendment right to present his own witness to establish a defense was violated under Washington v. State of Texas, supra, which held Articles 82 and 711, supra, to be unconstitutional. In Ex parte Pennington, 471 S.W.2d 578, this Court held the Washington case was to be applied retroactively.

For the reasons stated, the relief prayed for is granted. The judgment of conviction is set aside and the petitioner ordered remanded to the custody of the Sheriff of Lubbock County to answer the indictment in the cause.