Ollie James JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 46828.

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

Rehearing Denied Dec. 12, 1973.

Stanley I. Weinberg, Dallas (Court appointed on appeal only), for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, life imprisonment.

In the early morning of March 10, 1971, James Elmer Clark was working at Brock's Produce in Dallas. Two males walked into the store and one asked for an apple. After paying for the apple, that man displayed a pistol and said: "This is a stick-up." Clark testified that he stepped sideways and was shot through the hand. He pulled a pistol from his jacket and shot the gunman, whom he identified as appellant. Clark said the second man then "jumped him" from behind. In the scuffle Clark fired several more times but was then disarmed. He ran outside and stopped a uniformed officer to tell him he had been robbed. The officer saw a man running from the scene and followed him to an automobile, where the man collapsed. It was determined that the man, later identified as the appellant, had been shot in the side. Joseph Walker, later identified as the second man in the robbery, was convicted of the offense and incarcerated prior to appellant's trial.

The appellant in his first three grounds of error alleges he was deprived of the testimony of the co-defendant, Walker, and urges that he was thereby denied his constitutional rights conferred by the Sixth Amendment to the Constitution of the United States and Article I, Sec. 10, Vernon's Ann.St. of the Constitution of this State. At a hearing outside the presence of the jury, after Clark had identified appellant as the robber with the gun, counsel for appellant requested orally that the Court grant a recess and issue a bench warrant for Walker. Counsel stated that Clark's identification came as a surprise to him, and that Walker's testimony had now become material to appellant's defense.[1] He stated that no subpoena had been issued for Walker, nor any request made for a bench warrant. The Court treated counsel's motion for recess as a motion for continuance, and refused the motion. Defense counsel did not point out this apparent misinterpretation of the motion to the trial court, although the Court noted that the appellant excepted to the ruling.

Treated as a motion for continuance it was properly overruled by the Court. A motion for continuance on the ground of surprise is addressed to the sound discretion of the trial court, and the failure to grant such a motion is not error absent an abuse of discretion. Article 29.13, Vernon's Ann.C.C.P.; Guerrero v. State, 487 S.W.2d 729 (Tex.Cr.App.1972). Counsel stated while making his motion that he had not expected Clark to identify appellant as the gunman. This statement by counsel, made with no supporting proof in the record, nor any allegation or showing of reasonable diligence to justify counsel's failure to anticipate the testimony, is not sufficient to expose an abuse of discretion by the trial court. See Johnson v. State,

---

[1]. It is difficult to see how the appellant charged with robbery could have been surprised by testimony of the victim identifying him as the robber.

467 S.W.2d 247 (Tex.Cr.App.1971), cert. den., 404 U.S. 951, 92 S.Ct. 273, 30 L.Ed.2d 268; Corpus v. State, 463 S.W.2d 4 (Tex. Cr.App.1971). Further, none of the procedural requirements for a motion for continuance was followed here. Articles 29.-03, 29.08, 29.13, V.A.C.C.P.

On appeal, however, appellant's argument is a constitutional one.

■ A defendant in a criminal case has the right to compulsory process for obtaining witnesses in his favor who are physically and mentally capable of testifying to evidence personally observed, and whose testimony would be material and relevant to the defense. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Here, however, appellant made no showing whatever as to what Walker's testimony would be, or that it would be material and relevant. He did not request a hearing on the matter, he presented no evidence, and he offered no affidavits in support. Moreover, appellant made no application for a bench warrant after the motion was denied. See Washington v. Texas, supra; Ex parte Columbus, 489 S.W.2d 562 (Tex.Cr.App.1973); Peoples v. State, 477 S.W.2d 889 (Tex.Cr.App.1972); Ex parte Pennington, 471 S.W.2d 578 (Tex. Cr.App.1971); Hardin v. State, 471 S.W. 2d 60 (Tex.Cr.App.1971); Ex parte Selby, 442 S.W.2d 706 (Tex.Cr.App.1969); Ex parte Thomas, 429 S.W.2d 151 (Tex.Cr. App.1968).

■ Appellate counsel, who entered the case only after appellant was sentenced, made an effort to perfect a record on this issue. He sought and obtained an evidentiary hearing on appellant's "Second Motion For New Trial," filed on November 13, 1972, some eight months after trial counsel's motion for new trial had been overruled. Walker testified in an effort to show the materiality and relevancy of testimony he might have given at the trial. However, this second motion for new trial was not timely and should not have been heard by the Court. Article 40.05, V.A.C.

C.P.; Roberts v. State, 493 S.W.2d 849 (Tex.Cr.App.1973); Morales v. State, 458 S.W.2d 56 (Tex.Cr.App.1970); St. Jules v. State, 438 S.W.2d 568 (Tex.Cr.App.1969). Thus, we need not and will not consider the record made on the untimely motion.

It can be argued that in the interest of expedient resolution of questions arising out of this trial we should consider the testimony of the witness Walker heard at the untimely hearing on the second motion for new trial. *It is even more important, however, that we follow the demands of procedural rules set down in our criminal code and the decisions of this Court. Without the consistency and predictability which result from such a policy, attorneys could not act with certainty to protect the interests and rights of clients, nor could defendants be assured of a fair and equal administration of justice. A defendant's failure to adhere to procedural rules may in a rare instance delay the just resolution of his case by limiting him to his postconviction remedy. But we are confident that our insistence on these rules in the long run results in swifter, surer justice under law.*

Appellant's first three grounds of error are overruled.

■ Appellant's fourth ground of error is that the failure of appellant's court-appointed attorney to make application for process to compel attendance of Walker deprived appellant of effective assistance of counsel. The record shows that appellant's counsel acknowledged before the Court that he and appellant had discussed the question whether to compel Walker's attendance, and appellant had instructed counsel not to do so. Facts known to appellant and his counsel before and at the time of trial may explain their reluctance to call Walker. We note further that after the Court denied counsel's motion no further application was made to compel Walker's presence. At any rate, this Court cannot presume to guess the trial strategy of counsel. Appellant has not shown that he was deprived of the effective assistance

of counsel. See Hunter v. State, 501 S. W.2d 81 (1973).

▬ Appellant claims in his fifth ground of error that the Court erred in sentencing appellant in absentia in violation of Articles 42.02 and 42.03, V.A.C.C.P. Appellant relies on docket entries made by the trial court concerning the sentencing. These docket entries, however, are ambiguous. They recite that sentence was imposed, and that appellant gave notice of appeal. The Court then recounts an episode of unruly behavior on the part of appellant, whereupon the "Court had to remove defendant from the courtroom in order to complete sentencing." These docket entries, standing alone, do not support appellant's contention, nor is the contention supported elsewhere in the record. The sentence recites that the "Court proceeded, in the presence of the said Defendant, his counsel also being present, to pronounce sentence . . . " The unproved allegations in a motion for new trial do not present error. Allsup v. State, 495 S.W.2d 238 (Tex.Cr.App.1973); Mackey v. State, 480 S.W.2d 720 (Tex.Cr.App.1972); Tsamouris v. State, 472 S.W.2d 141 (Tex.Cr. App.1971).

Appellant's fifth ground of error is overruled.

▬ In his sixth ground of error appellant urges that the trial court abused his discretion and denied appellant equal protection of the law when he failed to give him credit on his sentence for time spent by appellant in custody from arrest until sentencing, a period of almost a year. We note that Article 42.03, V.A.C.C.P., as amended, effective August 27, 1973, makes mandatory the granting of credit for time spent in jail from the time of arrest until sentencing. Article 42.03, V.A.C.C.P., as it read at the time appellant was sentenced, vested in the trial judge the discretion of crediting defendant with the time he has spent in jail prior to sentence. Under the statutes challenged in Robinson v. Beto, 426 F.2d 797 (5th Cir. 1970), and Pruett v.

Texas, 468 F.2d 51 (5th Cir. 1973), relied on by appellant, the length of sentence could depend on whether the defendant appealed his conviction. This circumstance was seen as an inhibition on exercise to the right of appeal, and thus as a denial of equal access to appellate review. No such effect can be attributed to the statute involved here, however, since the Court's discretion is exercised before notice of appeal is given. Appellant's contention is overruled.

Appellant presents and argues several grounds of error in pro se briefs. One of the grounds presented is also set forth and argued as a pro se ground in counsel's brief. We have considered these grounds of error and find them to be without merit.

The judgment is affirmed.

Opinion approved by the Court.