# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00556-CR

**Frintha Carrington, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 9024032, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The district court found appellant Frintha Carrington guilty of aggravated assault and sentenced her to ten years in prison. *See* Tex. Pen. Code Ann. § 22.02 (West Supp. 2004). Appellant contends the evidence is factually insufficient to support the finding of guilt and that the court erred by pronouncing sentence in her absence. We will affirm.

Around 2:30 a.m. on January 26, 2001, Evelyn McCook and two companions walked to a gas station near the 6th Street nightclub area in Austin. A second group of women, including appellant, was standing in the lot outside the station. For reasons that are not clear from the record, a fight broke out between the two groups of women. McCook testified that someone grabbed by her left shoulder and, at the same time, she "felt the pressure going up and sideways on my back." McCook turned and saw appellant, who was the only person within six feet of her.

Austin Police Officer Gregory O'Leskey was called to the scene of the disturbance. He found appellant and McCook struggling with each other. Appellant was "flailing her arms in, you know, a continuous punching motion, both arms, just nonstop." McCook "was facing her frontways and it was more of a defensive kind of position." With some difficulty, the officer succeeded in separating the two women. It was at this time that both McCook and the officer noticed that she had been cut. Photographs in evidence show several large gashes on McCook's back. O'Leskey found a bloody single-edged razorblade on the ground near the spot where the two women were fighting. No one saw appellant holding this or any other weapon and no fingerprints were recovered from the blade, but a small piece of cardboard that fit the blade and appeared to be a protective sheath was found in appellant's pocket.

Appellant points to O'Leskey's testimony that the two women were facing each other as they fought and urges that it would have been impossible under the circumstances for her to inflict the wounds found on McCook's back. This argument ignores McCook's testimony that she felt pressure on her back when appellant first grabbed her from behind. It also ignores the officer's testimony that McCook was "balling up or curling up" in a defensive position, which would have exposed her back to appellant. Even in a factual sufficiency review when all the evidence is viewed neutrally, we must give due deference to the fact finder's determinations, particularly those concerning the weight and credibility of the evidence. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). We may disagree with the fact finder only when the record clearly indicates that such a step is necessary to prevent a manifest injustice. *Id*. We conclude that the proof of guilt is neither so obviously weak nor so greatly outweighed by contrary proof as to undermine confidence in the

2

court's finding that appellant assaulted McCook with the razor blade. *See id*. at 11 (standard of review). Point of error two is overruled.

Appellant's other point of error is that sentence was pronounced in her absence. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1 (West Supp. 2004) (in felonies, "sentence shall be pronounced in the defendant's presence"). Appellant asserts that article 42.03 imposes an absolute duty on the trial court that cannot be waived or forfeited by the defendant. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993).

The record reflects that after appellant was adjudged guilty on August 9, 2002, the cause was reset for sentencing on August 19. The reporter's record reflects that appellant was not present when the case was called on the latter date. After hearing brief testimony from the arresting officer, the court indicated that it preferred to "put off sentencing until we get her here." The court went on, "I'm sure we'll have her here shortly. Let's just forfeit her bonds in each case [appellant had another cause pending] at this time and I'll . . . issue a capias right at this time so we'll have them available if she wanders in." At this point, the reporter's record ends. The clerk's record contains a copy of the capias issued in this cause on August 19, 2002. The return shows that appellant was arrested the same day.

The written judgment of conviction recites that sentence was imposed on August 19, 2002, in the presence of appellant and her attorney.[1] The court's docket sheet contains a notation confirming this. Trial court documents are presumed to be regular, and a recitation in the written judgment is binding on appeal in the absence of direct proof of its falsity. *Breazeale v. State*, 683

---

[1] A different attorney represents appellant on appeal.

S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh'g). The silence of the reporter's record does not overcome this presumption of regularity. *See Jones v. State*, 501 S.W.2d 677, 680 (Tex. Crim. App. 1973). On this record, no violation of article 42.03, section one is shown. Point of error one is overruled.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: March 25, 2004

Do Not Publish

4